JUDGE LINDSAY
delivered the opinion oe the court.
John, a man of color, who was held in bondage by Stanislaus ' Wathen, and who claimed to be free, brought his suit in the Union Equity and Criminal Court, in 1858, against said Wathen to recover his freedom. The cause was transferred to the circuit court of said county, and upon hearing, in October, 1863, John’s petition was dismissed.
*661 In 1864 John became a soldier in the United States army, and it appears from the evidence that he died at Paducah on or about the 1st of April, 1865. This fact, however, does not seem to have been known either to the attorney who had been conducting John’s suit or to the appellee Wathen.
In December, 1865, said attorney prosecuted an appeal to this court from the judgment dismissing John’s petition; and the same coming on regularly for hearing, upon service of process, said judgment was reversed, and the cause remanded to the court below with instructions to enter judgment declaring John a free man, and for such other proceedings as might be necessary to secure to him the value of his services since the institution of proceedings to assert his freedom. The mandate and opinion of this court were filed, John’s death suggested, and the suit revived in the name of P. A. Spalding, who claimed to be his administrator.
The order of revivor having been duly served, Spalding filed an amended petition, setting up said mandate and opinion, as well as an account for John’s services, and praying a recovery against Wathen for the same.
An answer was filed to this amended petition, and a trial had, which resulted in a judgment against appellee for several hundred dollars. In due time execution was issued, and by virtue of the same a tract of one hundred and fifty-six acres of land, the property of Wathen, was levied upon and sold, the defendant Long becoming the purchaser.
On the 1st day of November, 1867, Wathen filed his petition in equity in said court against Spalding, administrator as aforesaid, and Long, the purchaser at the execution sale, setting up all these facts; and charging that, although John was dead at the time the appeal was granted by this court, as well as when the judgment of the circuit court was reversed, the knowledge of this fact had been acquired by him for the first time since the rendition of the last judgment and the sale *662 of his land under the execution issued thereon. He claimed that said appeal and reversal, and all the subsequent proceedings in the court below based upon the same, were absolutely void, and that the original judgment dismissing John’s petition and adjudging him to be a slave remained unreversed, and in full force and effect. He also alleged that Long was the attorney for John in his original suit, and the beneficial owner of the last judgment. He prayed that the order of the circuit court filing the mandate and opinion of this court, and all subsequent orders and proceedings had in said original action, including the last judgment, should be declared void, and the sale of his land under the execution issued thereon set aside and held for naught. A demurrer to the petition was overruled.
The cause was afterward transferred to the Union Common Pleas Court, and upon trial judgment was rendered in conformity with the prayer of the petition. From this judgment Spalding and Long have appealed.
■ Unless the granting of the first appeal, the judgment of this court reversing the action of the court below, and the mandate of this court directing the subsequent proceedings in the lower court are void, we do not well see how the decision of the common pleas court can be sustained. The judgments of all courts of competent jurisdiction are binding upon the parties 'thereto until reversed or vacated in the manner prescribed by law, notwithstanding irregularities in the proceedings through which the same are obtained. The Union Circuit Court had jurisdiction of the persons and of the subject-matter of the controversy between John and Wathen; and from the judgment of said court in that action an appeal to this court was authorized by express statute.
The death of John after judgment in the circuit court, and before the appeal was prosecuted, did not take away from this court the right to entertain it. Regularly a personal repre *663 sentative should have been appointed and the appeal prosecuted in his name, but we are not prepared to say that the want of a personal representative renders void the appeal and all the proceedings had under the same. Such a conclusion might be insisted upon with some degree of plausibility in cases of the death before judgment of the defendant in the court below, or of the appellee in this court, as in such cases there would be no person in esse upon whom a judgment in personam could be made to operate, nor whose title to property could be divested by a judgment in rem; but even this proposition is by no means free from doubt.
Where a plaintiff dies pending his suit his death may be pleaded in abatement; but the defendant may waive such plea, and permit the cause to be tried upon its merits, without revivor. The Supreme Court of Illinois held, in the case of Canden and others v. Robertson, 2 Scammon, 508, that the death of one of the plaintiffs before the commencement of the suit was no bar to the action, and could only be made available to the defendant by a plea in abatement setting up such fact; and in Case v. Ribelin, 1 J. J. Marsh. 30, in which the plaintiff in the circuit court died before judgment, this court held that the judgment was not void, and that it could only be corrected by the court in which it was rendered; saying that “errors of fact or of law may and frequently do occur in judicial trials which can not be corrected by writ of error to this court. If, for instance, a judgment be rendered in favor of or against a feme eovert suing or defending as a feme sole, or in favor of or against a dead man, which would bo manifestly erroneous as soon as the fact shall appear, the error could be corrected only by the court which rendered the judgment.”
John’s death, if known, should have been taken advantage of in this court by a plea under the provisions of section 898 of the Code. As it was not known to Wathen prior to the reversal of the judgment appealed from, and as the judgment *664 of reversal upon its face was regular and its validity not a question which could be properly inquired into in a collateral proceeding, the only means by which Wathen could obtain relief against it was by an application to this court, upon the discovery of John’s death, for a correction of its judgment, for the reason as held in the opinion cited above. It was an error which “ could. be corrected (if at all) only by the court which rendered the judgment.” This conclusion is fortified by the sixth subsection of section 579 of the Civil Code, which provides that the death of one of the parties before judgment shall be ground for the vacation of the judgment by the court in which it was rendered. It would have been an act of folly for the legislature to have enacted that the existence of a fact should constitute valid ground for the vacation of a judgment, which fact of itself rendered such judgment absolutely null and void.
We do not decide, nor is it necessary in this case that it should be determined, whether or not this court could have vacated or set aside its judgment of reversal upon an application made after the expiration of the time within which a petition for a rehearing could have been filed, even though it might have been made to appear that the death of the appellant did not come to the knowledge of the appellee until after the expiration of that time. We are clearly of the opinion, however, that until such judgment of reversal is set aside or vacated by proper proceedings it can not be treated as a nullity by any of the inferior courts of the commonwealth.
If Wathen’s petition be regarded as a bill of review, or a petition for the vacation of either one or both of the judgments of the courts below, it is still insufficient. John was living at the time the first judgment was rendered, and although he was dead at the time of the rendition of the second, the cause had been revived in the name of and was being prosecuted by his personal representative.
*665 But there is a still more fatal objection when the proceeding is viewed in this light. The death of John is the sole ground relied upon for relief. It is neither alleged nor proven, nor does the court below adjudge (as imperatively required by section 582 of the Code), that there is a “valid defense to the action in which the judgment was rendered.”
Wherefore it is considered by this court fhat the judgment of the court of common pleas be reversed, and the cause remanded with instructions to dismiss Wathen’s petition.