CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
The appellant was indicted in the Jefferson Circuit Court for the offense of setting up, exhibiting, and keeping a faro bank. The indictment was returned on the 18th day of September, 1876. Upon trial he was convicted and adjudged to pay a fine of $500 and to suffer imprisonment in the county jail for and during the period of six months. His motion for a new trial, as well as his motion in arrest of judgment, was overruled. He appeals to this court, and relies for a reversal upon the single ground that the Jefferson Circuit Court had no jurisdiction of the offense with which he was charged.
Prior to the 1st day of September, 1876, the Louisville City Court had exclusive original jurisdiction of the offense. The Commonwealth claims that the circuit court acquired concurrent original jurisdiction from and after the 1st day of September, 1876, by virtue of the provisions of an act of- the general assembly approved February 23, 1876, entitled “An act regulating the jurisdiction of the Circuit Court for the Ninth Judicial District.” The appellant denies that this act is constitutional.
It is objected, first, that the title is insufficient, there being no such court as that described. But there is a circuit court for the county of Jefferson established by the constitution; *731 and as Jefferson County composes the Ninth Judicial District, the circuit court of the one is of necessity the circuit court of the other, and hence while the description is technically inaccurate we must regard it as substantially good.
It is next objected that the title is not suggestive of the subject-matter of the act, and that it embraces more than one subject.
The sections indispensably necessary to support the jurisdiction claimed for the circuit court by the Commonwealth are the first, eighth, and ninth, and these sections we quote at length.
Section 1. “That the Circuit Court for the Ninth Judicial District shall, from and after the 1st day of September, 1876, have original and exclusive jurisdiction of all indictable misdemeanors committed within the corporate limits of the city of Louisville and the county of Jefferson.”
Section 8. “All other general and special acts and parts of acts in conflict herewith are hei’eby repealed.”
Section 9. “That this act shall take effect and be in force from and after the 1st day of September, 1876; provided, that so much of this act as gives exclusive jurisdiction to the Jefferson Circuit Court of indictable misdemeanors shall not apply to said court until the 1st day of January, 1878.”
The first section is sufficiently comprehensive, and, except for the proviso to the ninth section, would have invested the circuit court with exclusive original jurisdiction of indictable misdemeanors committed in Jefferson County and the city of Louisville from and after the time at which the act went into effect. The proviso annexed a condition to this comprehensive grant of jurisdiction. It was intended to avoid temporarily the full effect of the grant, and, to the extent it is necessarily inconsistent with the terms of the first section, it will be allowed to control. It does not necessarily or even by fair and liberal intendment postpone until the 1st day of January, 1878, *732 the entire grant of jurisdiction. Giving same effect to all the language used in the two sections, we find that from and after the 1st day of September, 1876, the circuit court has had original jurisdiction of indictable misdemeanors; but this jurisdiction is concurrent with that of the city court, and will remain so until the 1st day of January, 1878, when it will become exclusive. The jurisdiction of the circuit court is the subject-matter of so much of the act as we find it necessary to consider. That subject is clearly within the title. The language in which the legislative will is expressed may not have been used with absolute precision and accuracy, but it is not so obscure as to leave us in doubt as to the legislative intent.
It may be conceded that this act could not take effect until the act creating the Seventeenth Judicial District became a law, still, it went into effect after the 1st day of September, 1876. The act creating the Seventeenth District became effectual on the 1st day of July, 1876. It was presented to the governor more than ten days before the final adjournment of the general assembly (Sundays excepted), and as he did not disapprove it it became a law at the expiration of that time. The session of the legislature was constitutionally extended. It had power after the first extension to disregard any self-imposed limitation attached to further extensions. This is the logic of the case of Speed & Worthington v. Crawford (3 Met. 207), and we see no reason at this late day to unsettle past legislation by calling in question the correctness of a construction of the constitution which has been accepted and acted upon by all the departments of the state government for more than fifteen years.
The judgment of the circuit court is affirmed.