CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
Mullen, surviving partner of the late firm of Lyon & Mullen, sued the appellant to recover a balance of $66.35 alleged to be due on an account created in the years 1872 and 1873. Appellant, among other defenses, set up and relied on the following state of facts: ■
“Defendant, for further answer, states that the account sued on herein was sued on in the court of Esquire Burton, a justice *469 of the peace in and for Daviess County, and issue made, and a trial had by jury, and a verdict and judgment rendered at the June term, 1874, of said court in defendant’s favor against plaintiff for the costs of said action. The action was tried on its merits, both plaintiff and defendant being present in person, and both represented by counsel. He files herewith a certified copy of the action and judgment in said court, and defendant pleads said trial and judgment in bar of this action.”
The exhibit filed sustains all the facts alleged except that judgment had been rendered on the verdict. The verdict is in these words, “We, the jury, find for the defendant his costs herein expended.”
Technically this is not a good plea in bar, because the exhibit shows that no judgment has been rendered by the justice on the verdict, but the facts stated, even as thus modified, show the pendency of another action for the recovery of the same debt, and they constitute in any view of the case a good plea in abatement. But they amount in substance to a plea in bar. No motion was made for a new trial in the justice’s court, and that officer can not now disturb the verdict of the jury, and he can not, upon proper notice and motion by the appellant, refuse to render judgment in accordance with the finding of the jury.
Appellees demurred specially to so much of the appellant’s answer as we have heretofore quoted, on the ground that the justice had no jurisdiction of the action, because the act under which it was instituted was and is unconstitutional and void, and this special demurrer was sustained.
The act in question is entitled “An act increasing the jurisdiction of justices of the peace in Crittenden, Caldwell, and other counties in this commonwealth.” Among the counties named is Daviess County. The first section increased the jurisdiction of justices to f 100, exclusive of interest and costs, in all actions for the recovery of money or personal property. *470 The second section undertakes to regulate appeals from the judgments of justices to the quarterly and circuit court. In the case of Jones, &c. v. Thompson’s executor (12 'Bush, 394) this second section was held to be unconstitutional and void, as being altogether foreign to the subject of legislation expressed in the title of the act; but in that case it was clearly intimated that the court did not regard the first section as subject to constitutional objection.
There is but one subject mentioned in the title of the act, that is, the jurisdiction of the justices of the peace. The first section relates solely to the subject as expressed, and is perfect and complete within itself. The second section may therefore be rejected, and the first allowed to stand, and the legislative intention as indicated by the title to the act thus carried out, without conflicting in any degree with the limitations imposed on legislative power by the 37th section of the 2d article of the constitution. This rule of constitutional construction has been frequently recognized by this court. (McNeil v. Com., 12 Bush, 727; Ib. 374; Ib. 198.)
Hence we conclude that the court erred in sustaining appellee’s demurrer. The record before us does not show that Lyon was dead at the time the action was tried in the court of the justice; but if it did,v that fact would" not render the proceedings void. Mullen, as surviving partner, had the right to institute and prosecute the action, and he was a party plaintiff; and if the appellant did not object to the misjoinder of the name of the deceased partner before judgment, he could not'take advantage of it afterward except upon a proceeding to vacate it, much less could either he or Mullen treat the proceedings as invalid. (7 Bush, 659.)
The plea of the statute of limitations is not good. The pleadings do not show that any part of the debt sued for, which can properly be regarded as a merchant’s account, was barred by the one-year statute at or before the time the General Stat *471 utes took effect. The General Statutes extended the limitation to two years, and a plea that does not conform to their provisions, in a case like this, is fatally defective.
But, for the error of the court in holding the first section of the act of February 13, 1874 (Bullitt & Feland’s Gen. Stat. 899), unconstitutional and void, and thereby cutting off one of the principal defenses relied on by appellant, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.