CASE 59—MOTION—MARCH 7.

## Hopkins, &c., v. Hopkins' Adm'r.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

WHERE AN APPEAL IS GRANTED BY THE CLERK OF THIS COURT AFTER THE DEATH OF THE PLAINTIFF IN THE JUDGMENT, all the appellant need do in order to perfect his appeal is to make the personal representative a party-appellee, and by proper process bring him before the court. A revivor of the judgment is not necessary.

M. A., D. A. & J. G. SACHS FOR MOTION.

The judgment must be revived in the lower court before it can be appealed from. (Morgan v. Winn, 17 B. M., 244; Venable v. Smith, 1 Duv., 195; Huston v. Duncan, 1 Bush, 207; Holeman v. Holeman, 2 Bush, 518; Burges v. Brown, 5 Bush, 537; Huey v. Reddens, 3 Dana, 488; Williams, Receiver, v. Thompson, 80 Ky., 329; Civil Code, secs. 407, 767.)

STONE & SUDDUTH AGAINST MOTION.

An appeal may be taken against the administrator of a dead man by hav-

ing him regularly summoned on the appeal. A revivor of the judgment is not necessary. (Spalding v. Wathen, 7 Bush, 659; Hayden v. Ortkeiss' Adm'r, 83 Ky., 396; Civil Code, sec. 767.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The judgment in this case was rendered on February 10, 1890. It was in favor of W. W. Hopkins, who was a defendant. He died September 5, 1890. No appeal was asked or granted in the lower court, and at the time of his death there was no action pending either in this or the lower court.

His administrator was appointed on December 5, 1890, and the appellants, who were plaintiffs below, sued out an appeal in this court on December 9, 1890, making the administrator an appellee.

These facts are properly shown by the record now before us. The administrator now moves to dismiss the appeal upon the ground that there has never been any revivor of the judgment either in this or the lower court. He insists that the death of Hopkins suspended all further proceedings until a revivor of the judgment. There is no specific direction in our Civil Code as to how an appeal shall be taken under such a state of facts. Section 767 provides that the provisions of title eleven shall, so far as applicable, regulate cases in the Court of Appeals; but that title relates exclusively to the revivor of *actions*. This is shown not only by the provisions of its sections, but they are entitled "Revivor of Actions," and no other provision upon the subject refers to this court.

It is manifest this court could make no order reviving the judgment of the lower court, and at the death of the party there was no appeal pending here

to revive.  Chapter 4, title 9, of the Civil Code, pro-
vides for the revivor of judgments for the purpose of
enforcement.

It is, however, the unsuccessful party that has taken
this appeal, and if he cannot do it in the manner
now attempted, where his adversary has died before
he has done so, and subsequent to the rendition of
the judgment, then he must revive a judgment against
himself, and if upon the state of case now before us
he must do so, then if the successful party dies
within a very few days before the end of the two
years within which an appeal may be taken, and
when there is not time to revive the judgment and
then appeal, then the party is remediless; and if it
could be properly said there must be a revivor of the
action, then there is the greater likelihood of it, be-
cause by section 507, of title eleven, there can be
no revivor of an action against a personal representa-
tive within six months after the qualification of the
first personal representative, and the time for an ap-
peal might expire before the party desiring it could
by law put himself in a position to take it; but as
already said, there is really no pending action, and
hence there can be no revivor in either court of an
action.

The cases of Williams, Receiver, &c., v. Thompson,
&c., 80 Ky., 327, and Thomson's Adm'r v. Williams,
Receiver, 86 Ky., 16, are not applicable in this case,
as there the party died while the action was pending
in the lower court.  It seems to us, in a case like
this one, all the party desiring to appeal need do to
perfect his appeal when taken in this court is to make

the personal representative a party-appellee, and by proper process bring him before the court. He is a necessary and proper party to the appeal. He represents the estate of the party who obtained the judgment; and section 734 of the Civil Code provides that an appeal shall be granted as a matter of right against a party or *privy*, either by the court rendering the judgment at the term when it is rendered, or thereafter by the clerk of this court. If such course be taken, it certainly accomplishes all that any order reviving the judgment would if made in the lower court. No one is prejudiced, and the estate of the decedent is properly represented upon the appeal.

In the absence of an express statutory provision regulating the mode of proceeding in a case like this one, we think all has been done that is necessary, and that the proper mode of taking the appeal has been pursued. This view is, to some extent, sustained by what was said in the case of Spalding, Adm'r, &c., v. Wathen, 7 Bush, 659, and the motion to dismiss the appeal is overruled.