CASE 50—ACTION BY R. O. DEPPEN AND OTHERS AGAINST H. F. IM-
MOHR AND OTHERS TO REVIVE AN ACTION.—JAN. 10.

# Deppen, &c. v. Immohr's Ex'r.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION NO. 2—
SAMUEL B. KIRBY, JUDGE.

FROM A JUDGMENT SUSTAINING A DEMURRER TO THE AMENDED PETITION
OF APPELLANTS THEY APPEAL. REVERSED.

APPEAL—DEATH OF APPELLEE—ABSENCE OF REVIVOR—EFFECT ON AP-
PELLATE JUDGMENT.

The death of an appellee after appeal and before submission,
without any suggestion of the death, or revivor against his person-
al representative, did not render a reversal void, but only ir-
regular and erroneous, and it could be made perfect by a revivor.

J. W. S. CLEMENTS AND S. J. BOLDRICK, ATTORNEYS FOR AP-
PELLANT.

### POINTS AND AUTHORITIES.

1. Where a defendant, an appellee, dies after judgment in
lower court, and after an appeal has been taken and the judg-
ment appealed from has been filed in the appellate court, then
the decision of the appellate court can not be held to be void by
an inferior court, but the remedy of the personal representative,
if he have any, is by motion in the appellate court. Spalding v.
Wathen, 7 Bush, 661.

2. Especially is this so where the counsel who represented the
defendant in his lifetime elaborately briefed the case in the
court of appeals, prepared a petition for a rehearing and con-
cealed the death of his client and never once suggested his death
until the case had been returned to the lower court and the
mandate filed. In addition, there were other appellees with iden-
tical defenses, under such a state of case all that is necessary
is to make the personal representative of the dead man a party
on its return to the lower court. The three leading cases in the
United States show this beyond all doubt. Prior v. Kiso, 96 Mo.,
303 (in this case statute like ours); Reid v. Strider, 7 Grattan
Va., 76; Williams v. Engelbeth, 38 Ohio St., 97; Vol. 5 Ency. Pl.
and Prac., 823.

Deppen, &c. v. Immohr's Ex'r.

3. Death of a defendant who is an appellee, after judgment in lower court, and before a decision of the appellate court, does not abate the proceedings or render same void, and the case may be revived in the name of the executor when it goes back to the court below. Reid, Admr., v. Strider, 7 Grattan (Va.), 76; 54 Am., sec. 120; 5 Ency. of Pl. and Prac., 823.

4. The surviving defendants in error represent, so to speak, the dead man, so that their victory enures to the benefit of his representative, and their defeat becomes his defeat, and if the judgment be reversed that such representative of the decedent may be brought in and made a party on the return of the cause, and this is true even though the appellee die before submission in the appellate court. Prior v. Kiso, 96 Mo., 303; Williams v. Englebeth, 38 Ohio St., 97.

5. There is no provision of the Code regulating revivor in the court of appeals in cases like this. Hopkins v. Hopkins, 91 Ky., 311.

6. Failure even to revive in the lower court does not render a judgment void, but only erroneous. Gatewood v. Rucker, 1 Mon., 22; Shields v. Craig, 6 Mon., 373; Holden v. Mount, 2 J. J. M., 188; Feenster v. Markham, 2 J. J. M., 307; Hall v. Johnston, 5 J. J. M., 284; Barnes v. Smith, 5 J. J. M., 311; Payton v. McDowell, 3 Dana, 314; Freeman on Judgments, sec. 140.

7. Even an erroneous judgment can not be assailed collaterally. Green v. Ball, 4 Bush, 590; Dunlap v. McElvoy, 3 Litt., 269.

8. The death of a party pending an appeal and before submission does not render the judgment of the appellate court void, although there was no substitution of his representative. Phelan v. Tyler, 64 Cal., 180; Rogers v. Patterson, 4 Paige (N. Y.), 413; Hays v. Shaw, 20 Minn., 405-22; Minn., 542.

9. If the death of either party to a legal controversy does not appear affirmatively from the record, the judgment is voidable merely, and can not be impeached in a collateral proceeding according to the great weight of authority and on principle. Kleber on Void Sales, secs. 166, 167, 168; McCormick v. Paddock, 20 Neb., 486; Cliflin v. Dunn, 129 Sec., 241; Mitchell v. Schooner, 16 Ore., 211; Watt v. Brookover, 35 W. Va., 323; Murray v. Weigle, 118 Pa., 159; Wallace v. Center, 67 Cal., 133; Taylor v. Snow, 47 Tex., 462; Evans v. Spurgin, 6 Met. (Mass.), 107; Neal v. Utz., 75 Va., 480; Union Bank v. McWhorters, 52 Mo., 34; Gilman v. Donovan, 53 Iowa, 362; Knott v. Taylor, 99 N. C., 511; Vanfleet on Col. Attack, secs. 587, 602, 603.

H. H. NETTELROTH AND E. J. BACON, ATTORNEYS FOR APPELLEE.

1. Counsel's contention is manifestly erroneous. The Code does not provide for the revivor of judgments in the court of appeals,

because a judgment is required to be revived in order that it may be enforced.

2. The court of appeals does not itself enforce judgments, but it directs the lower court to do so; therefore, in case of death prior to the enforcement of a judgment, revivor must be had in the lower court. For this reason there is no provision for the revivor of judgments in the court of appeals.

3. But the Code does provide for the revivor of actions in the court of appeals, and under this provision an appellee in the court of appeals occupies the same position as a defendant in the circuit court; and until the case is dismissed or terminated in the court of appeals by its opinion, order, and mandate, it is a pending case, and in the event of appellee's death before submission, revivor is necessary.

4. It is our contention herein, and in this view the special judge and the chancellor both concurred, that this cause has abated as to the estate of H. F. Immohr, deceased, and that no proceedings can now be had herein against the executor, because, so far as he is concerned, the lower court's judgment originally rendered is in full force and effect and unreversed; but as to the other parties, of course, proceedings in accordance with the mandate must be had.

5. Courts derive their jurisdiction by reason of the service of summons or by the entry of the appearance of parties, not from the fact that a person may have mere informal notice of the suit. This is elementary, and we take it that a discussion of "due process" is unnecessary.

6. We submit that as appellants have expressly alleged that H. F. Immohr died before submission (that is, they plead that Immohr died on the —— day of ———, 1900, and that the cause was submitted to the court of appeals on the —— day of ———, 1901), and that there was no revivor, it necessarily follows that the reversal was void as to Immohr's estate, and consequently the lower court being thus apprised by appellants of this invalidity, it was compelled to decline to enforce the reversal as to the executor.

### CITATIONS AND AUTHORITIES.

1. Void and voidable judgments distinguished. Prince v. Antle, 90 Ky., 138.

2. Revivor. Civil Code, secs. 401 *et seq*, 500 to 512 inclusive, and 767; Forst v. Davis, 19 Ky. Law Rep., 558; Goggin v. Curd, 7 Ky. Law Rep., 39.

3. Void judgment may be ignored. Owingsville, &c., Road Co. v. Hamilton, 21 Ky. Law Rep., 1150; Case v. Ribelin, 1 J. J. Mar., 30.

4. Revivor in court of appeals. Sawyer, Wallace & Co.'s As-signee v. Fuqua, 20 Ky. Law Rep., 1; Hopkins v. Hopkins, 91 Ky., 310; Spalding, Adm'r, v. Wathen, 7 Bush, 659; Chestnut v. Russell, 24 Ky. Law Rep., 704.

5. Due process. Denham v. Anderson, 14 Ky. Law Rep., 394.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellee's testate, H. F. Immohr, Louisville Banking Company, and one Hess in the year 1900 recovered a judgment in the lower court against these appellants for the amount of several notes, and the enforcement of a mortgage lien on the real estate of appellants for the satisfaction of same. They appealed from that judgment without executing a supersedeas bond, and before this court passed upon the case the appellees caused that judgment to be executed, and the land sold to satisfy their judgment. This court in the year 1902 reversed that judgment, and declared the notes and mortgage void, except to the extent of $1,600, for the reasons stated in the opinion. See 70 S. W., 868, 24 Ky. Law Rep., 1110. When the mandate issued in that case was filed in the lower court, the appellants learned for the first time that appellee's testate was dead. He died after the appeal referred to had been taken and perfected, but before the submission of the case for trial. The court and appellants were not informed of his death, and consequently the case was submitted, and opinion rendered reversing, without any suggestion of his death or revivor against his personal representative. After the filing of the mandate in the lower court, appellants filed an amended petition, making Drexler, the executor of Immohr, a party, and sought to revive the action against him for the purpose of carrying the reversal into effect by recovering from the estate of Immohr the value of the land of which they had been deprived. The appellee filed a demurrer to this amended and

supplemental petition which was sustained. In this amended pleading appellants stated the facts that no revivor was had in the court of appeals; that appellee, Drexler, was not a party to that appeal; and that H. F. Immohr died before the case was submitted in the court of appeals. Appellee contends that this reversal was absolutely void, as to him, and that it was the duty of the lower court to take notice of this fact, and to hold it ineffectual so far as appellee was concerned. The court so held. The appellants claim that this was error; that the reversal was not void—at most, it was merely erroneous.

The question at issue is, was the reversal by this court merely erroneous and irregular, or was it absolutely null and void? If only erroneous and irregular, it was the duty. of the lower court to give it full faith and credence until vacated or modified by the court which rendered the decision. If it was void, the action of the lower court must be affirmed; if merely irregular and erroneous, reversed.

We have examined with care the able briefs of counsel, and the authorities therein cited, and we are of the opinion that the contention of appellants is the correct one. The decisions in most of the States hold that the death of a party after appeal is granted, without any revivor against his personal representative, does not render the decision of the appellate court void, and many of them hold that it is not even error. The case of Spalding v. Wathen, 7 Bush, 661, sustains our view of this question. In that case a negro man named John, in the year 1858, sued Wathen for his freedom. The case was tried in the year 1863, and John was defeated. He then went into the army and died at Paducah, Ky., in the year 1864. About eight months after his death the attorney who represented him, not knowing of his death, appealed his

case to this court, which reversed that judgment and direct-
ed the lower court to grant John his freedom, which was
done, and a judgment rendered by the lower court in his
favor against Wathen for the value of his services from the
time he brought his action. Upon this judgment an execution
was issued and levied on the land of Wathen, which was sold.
Wathen then filed an action, alleging that he had just dis-
covered the fact that John had died several months before
the appeal of his case to this court, and there was no re-
vivor therein, and that by reason thereof all the proceedings
had in this court and in the lower court after the death of
John were void. The lower court sustained Wathen, but on
an appeal this court, in an opinion by Judge Lindsay, reversed
the judgment, and said: "Unless the granting of the first
appeal, the judgment of this court reversing the action of
the court below, and the mandate of this court directing the
subsequent proceedings in the lower court are void, we do
not well see how the decision of the common pleas court can
be sustained. The judgments of all courts of competent juris-
diction are binding upon the parties thereto until reversed
or vacated in the manner prescribed by law, notwithstanding
irregularities in the proceedings through which the same are
obtained. The Union circuit court had jurisdiction of the
persons and the subject-matter of the controversy between
John and Wathen, and from the judgment of said court in
that action an appeal to this court was authorized by ex-
press statute. The death of John after judgment in the cir-
cuit court, and before the appeal was prosecuted, did not
take away from this court the right to entertain it. Regu-
larly, a personal representative should have been appointed,
and the appeal prosecuted in his name, but we are not pre-
pared to say that the want of a personal representative ren-
ders void the appeal, and all the proceedings had under the

same." In the same case, when deciding the fact that the want of a personal representative did not render void the appeal, and the proceedings had thereunder, the court said: "Such a conclusion might be insisted upon with some degree of plausibility in cases of the death before judgment of the defendant in the court below, or of the appellee in this court, as in such cases there would be no person *in esse* upon whom a judgment *in personam* could be made to operate, nor whose title to property could be divested by a judgment *in rem;* but even this proposition is by no means free from doubt." We agree that in that case it might have been argued with great plausibility that the rule might have been different if Wathen, the appellee, had died before the appeal was taken. For in such case this court would not have obtained jurisdiction of the appellee Wathen. But the intimation of the court in that case was to the effect that it might be argued with plausibility that the rule therein applied might not apply to an appellee, because there would be no one *in esse* against whom the decision could operate. This was an expression of an opinion outside the case, and one of great doubt, as therein expressed. If the reason given for the doubt, to-wit, "there being no one *in esse* against whom the decision could operate," is sound, and applicable to the case at bar, then it would conflict with many decisions of this court, for it has been universally held (which is conceded by appellee) that if either party to an appeal in this court dies after submission of the appeal, and before opinion rendered, it does not even amount to an error, and that same is as valid and binding as if the parties had survived until after the final decision. The reason stated would have the effect to conflict with these cases, for in them there was "no one *in esse* at the time the decisions were rendered upon whom they could operate." This court does not, in the ordinary sense,

render judgments, but reviews the action of the lower court, and determines whether it was correct or erroneous. In our opinion, the reason for the necessity of a revivor on an appeal is to give the parties an opportunity to be heard upon the question involved on the appeal. But when the court has once obtained jurisdiction of the parties and the subject-matter, it may decide the case without giving either party a hearing, and its action would not be void, but would be flagrantly erroneous. The error could be corrected in this court only, but, until so corrected, the decision would be binding upon the parties and the lower court. This court, in the case of Spalding v. Wathen, *supra*, after expressing the doubt of the applicability of the principle therein enunciated as applicable to appellees, quoted with approval the following language from an opinion in Case v. Ribelin, 1 J. J. Marsh., 30: "Errors of fact or law may, and frequently do occur in trials which can not be corrected by writ of error to this court. If, for instance, a judgment be rendered in favor of or against a feme covert suing or defending as a feme sole, or in favor of or against a dead man, which would be manifestly erroneous, as soon as the fact shall be made to appear the error could be corrected only by the court which rendered the judgment." This answers the doubt expressed in the opinion, and shows conclusively that the rule applies equally to appellant or appellee, for it says "or a dead man," but the court continues to settle the doubt as follows: "John's death, if known, should have been taken advantage of in this court by a plea under the provisions of section 898 of the Code. As it was not known to Wathen prior to the reversal of the judgment appealed from and as the judgment of reversal, upon its face, was regular, and its validity not a question which could be properly inquired into in a collateral proceeding, the only

means by which Wathen could obtain relief against it was by an application to this court, upon the discovery of John's death, for the correction of its judgment, for the reason as held in the opinion cited above. It was an error which 'could be corrected, if at all, only by the court which rendered the judgment.' This conclusion is fortified by the sixth subsection of section 579 .[now 518] of the Civil Code of Practice, which provides that the death of one of the parties before judgment shall be ground for the vacation of the judgment by the court in which it was rendered. It would have been an act of folly for the Legislature to have enacted that the existence of a fact should constitute valid ground for the vacation of a judgment, which fact of itself rendered such judgment absolutely null and void." The following authorities tend to support the principle above stated: Hopkins v. Hopkins' Admr, 91 Ky., 312, 12 R., 945, 15 S. W., 854; section 518 of the Code, subsection 6; Freeman on Judgments, sections 140, 153. The appellee cites as sustaining his position Sawyer, Wallace & Co.'s Assignee v. Fuqua, 41 S. W., 15, 46 S. W. 209, 20 Ky. Law Rep., 1; Hayden v. Ortkeiss' Admr, 83 Ky., 398; Spencer v. Parsons, 89 Ky., 580, 11 R., 569, 13 S. W., 72, 25 Am. St. Rep., 555, and Chestnut v. Russell, 69 S. W., 965, 24 Ky. Law Rep., 704. These cases, in effect, decide that in the event of the death of a party to an appeal before submission, it is necessary and proper to revive against the personal representative of the decedent. This is not in conflict, but in harmony, with the conclusion we have reached—that the revivor is necessary and proper to make the decision perfect or free from error, but even without a revivor the decision is erroneous, only, and not void.

For the reasons indicated, the judgment is reversed and cause remanded to the lower court for proceedings consistent herewith.