CASE 48.—ACTION· BY R. BOYD AGAINST NATHAN
BUCHANAN AND ANOTHER.—January 20.

131  ·433
136   68

# Buchanan, &c., v. Boyd's Exor.

Appeal from Whitley Circuit court.

From a judgment for plaintiff, defendants appeal,
making plaintiff's executor a party, and the executor
moves to dismiss the appeal.—Motion denied.

1. Appeal and Error—Necessary Parties—Decedents.—Deced-
   ent's real representatives are necessary parties to an appeal
   from a judgment awarding him land.
2. Appeal and Error—Review—Absence of Necessary Parties—
   Effect.—The Supreme Court will not pass on the merits of
   an appeal on motion to dismiss where necessary parties are
   not before the court.

ON REHEARING.
3. Appeal and Error—Parties to Appeal—Deatn of Party.—Re-
   vival—Proceedings.—Civil Code of Practice, section 745, de-
   clares that an appeal shall be granted only within two years
   next after the right to appeal first accrued. Section 734
   provides that an appeal shall be granted as a matter of right
   by the clerk of the Court of Appeals on application of either
   party on filing with the clerk a copy of the judgment from
   wnich he appeals. Section 739 requires the appellant to file
   with the transcript a statement showing the names of the
   appellants and appellees, and section 740· declares that no
   appeal shall be docketed until such statement is filed. Held,
   that, where complainant recovered a judgment for a tract

of land and died, whereupon defendants filed with the clerk of the Court of Appeals. a copy of the judgment, and a statement for an appeal designating the deceased plaintiff and his executor as appellees, within two years, the appeal was not subject to dismissal because appellant's statement did not designate as appellees the devisees of the deceased plaintiff, since, under section 767, the proper procedure was for appellant to file a copy of the judgment, have the appeal granted, and within one year thereafter revive the action against the real represntatives of the deceased plaintiff in the Court of Appeals by suggesting the death, filing a copy of decedent's will with a statement of the names of the devisees, and taking out process against them.

TYE & SILER for appellants.

H. C. CLAY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Overruling motion to dismiss.

R. Boyd recovered a judgment against Nathan Buchanan, etc., for a tract of land. After the recovery of the judgment, Boyd died, and after his death, and within two years from the entry of the judgment, Buchanan, etc., sued out an appeal from it in this court, making R. Boyd and R. Boyd, Jr., as his executor, parties appellee. The executor has entered a motion to dismiss the appeal. In response to this motion appellant relies on Hopkins v. Hopkins, 91 Ky. 310, 15 S. W. 854, 12 Ky. Law Rep. 945; Magee v. Frazier, 51 S. W. 174, 21 Ky. Law Rep. 254. He also insists that R. Boyd, Jr., is one of the real representatives of R. Boyd, and that as to him at least the motion should be overruled. In the cases cited there was an appeal from a personal judgment. The executor was the only necessary party appellee. Here we have a real action, and the real representatives of the deceased are necessary parties to the appeal.

We can not know from the record what are the provisions of R. Boyd's will, and in whom it vests his title to the land in contest. It may be devised to the executor or to strangers to his blood. There is nothing to show that R. Boyd, Jr., is one of his devisees or heirs at law. If the facts are not shown by the record, the grounds of a motion to dismiss must be pleaded. Civil Code of Practice, sections 757, 758. When Robert Boyd, Sr. died, his title to the land descended to his heirs at law, or to his devisees as the case may be, and their rights will not be affected by the judgment rendered on the appeal unless they are parties to it. The necessary facts for the determination of the pending motion not being shown by the record must, to be available, be pleaded. The necessary parties, if there are others, must be brought before the court, if they are to be affected by the appeal. The court will not now pass on any of the questions raised finally; for it is not proper to adjudge the matters before the necessary parties are before the court, or the facts necessary to determine the case are shown.

The motion to dismiss the appeal is on present showing overruled.

OPINION ON REHEARING BY JUDGE HOBSON.

On September 29, 1906, R. Boyd recovered a judgment against Nathan Buchanan, etc., for a tract of land. After the entry of the judgment Boyd died, and after his death, on September 19, 1908, Buchanan, etc., filed with the clerk of this court a copy of the judgment, and sued out an appeal from it before him, designating in the statement filed R. Boyd and R. Boyd, Jr., as his executor the parties appellee. On

November 11, 1908, the transcript was filed. On January 4, 1909, the executor entered a motion to dismiss the appeal. The motion was overruled. See Buchanan v. Boyd's Executor (Ky.) 115 S. W. 222. After that opinion was filed on January 29, 1909, the appellants filed an amended statement, in which they designated as appellees the devisees of R. Boyd, filing a copy of the will and also an affidavit showing that the person designated were the devisees under the will. Process was issued against them, and they filed an answer pleading limitation. A reply was filed to the answer, and a motion was then entered to dismiss the appeal.

By section 745 of the Civil Code of Practice an appeal shall not be granted except within two years next after the right to appeal first accrued. By section 734 of the Civil Code of Practice an appeal is granted as a matter of right by the clerk of the Court of Appeals on application of either party or his privy upon filing in the office of the clerk a copy of the judgment from which he appeals. By section 739 of the Code the appellant must file with the transcript a statement showing, among other things, the names of the appellants and the names of the appellees, and by section 740 an appeal shall be docketed by the clerk until the appellant files this statement. The ground upon which the motion to dismiss is made is that the devisees of R. Boyd were not made parties to the appeal until more than two years had elapsed after the entry of the judgment, and that as to them the right of appeal is barred by the statute. In Jones' Ex'r v. Finnell, 71 Ky. 25, it was held that, although an action is not commenced until a petition is filed and a summons issued upon it in good faith, the same rule does not apply to appeals, and that an appeal is

taken when a copy of the judgment is filed with the clerk of this court; and the appeal is granted by him, although no summons is issued. See Brown v. Bennett, 102 Ky. 518, 44 S. W. 85; Newman on Pleadings, section 679. In this case the statement filed by the appellant within two years after the entry of the judgment did not designate as appellees the devisees of R. Boyd, Sr.; and it is insisted that this distinguishes the case before us from those heretofore decided. But it will be observed that by section 740 the penalty for failure to file the statement is not the dismissal of the appeal, but the denial of the right to have it placed upon the docket. When, after the recovery of the judgment, R. Boyd died, no further steps could be taken in the action or upon the judgment without a revivor. By section 767 of the Code the provisions of title 11, governing revivor, shall so far as applicable regulate cases in the Court of Appeals. By title 11, when a party dies before further proceedings can be taken, ordinarily the action must be revived against his real or personal representatives according to the nature of the action, and in real actions the revivor must be made within one year from the time it might first be done. As the action had been tried out in the circuit court, the proper way for the defendants to bring the case to this court was to file a copy of the judgment and have the appeal granted, and within one year after that time it was incumbent upon them to revive the action against the real representatives of the deceased plaintiff, for the defendants had the right to take the appeal within two years, and the revivor in this court could not be made until after the appeal was taken; and by the provisions of section 509 should have been taken within one year from the time the order might have

been first made. The suggestion of the death of R. Boyd, the filing of a copy of his will with the statement of the names of his devises, and the taking out of process against them was a revivor of the action against them in this court, and this having been done within one year after the granting of the appeal was in time. Were the rule otherwise, great injustice might be done the appellant in this class of cases; for, if the appellee died just before the two years expired, he might not learn before taking his appeal of the names of some of the heirs; and if it was held that he could not amend his statement, and bring these persons in, his right of appeal would be lost as to them. To guard against this injustice, the Code allows one year for persons to ascertain the facts and revive the action against the necessary parties. We therefore conclude that the appeal is not barred by limitation.

A rehearing is therefore granted. The order dismissing the appeal is set aside, and the motion to dismiss the appeal is overruled.