## Williams, Guardian, et al. v. Reese, et al.

(Decided May 29, 1917.)

Appeal from Todd Circuit Court.

PETRIE & STANDARD for appellants.

JAMES R. MALLORY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Ordering rule.

This suit was brought by Elizabeth Reese by her guardian, she at that time being an infant, but now of age, against S. F. D. Reese and the surviving children of Mrs. Sarah B. Reese, seeking to set aside a deed to a tract of land situated in Todd county which was conveyed by Sarah B. Reese in her lifetime to S. F. D. Reese for the recited consideration of "two thousand dollars and other valuable considerations."

The defendant, S. F. D. Reese, is an uncle of plaintiff, Elizabeth Reese, and it is not shown by the record whether he left any lineal or collateral heirs except his co-defendants, who are the children of his deceased brother.

The grounds for the action as stated in the petition are that the deceased vendor, Sarah B. Reese, was mentally unsound at the time she executed the deed, and that she was induced to do so through the undue influence of S. F. D. Reese. After somewhat elaborate preparation the petition was dismissed, which judgment was rendered July 18, 1914. No appeal was prosecuted from the judgment under the order granting it by the trial court, and on December —, 1915, S. F. D. Reese died intestate, domiciled in Todd county. The transcript was filed in this court on February 1, 1916, and on April

14, thereafter, a suggestion was made in this court of the death of S. F. D. Reese, accompanied by the affidavit of appellant, stating that fact, and that one G. S. Weathers had been appointed personal representative of his estate, and a motion was made to revive the appeal as against such personal representative, but no order of revivor appears to have been entered, nor would such an order have been proper as the personal representative is in no wise interested in the subject matter of the suit.

Under the provisions of section 506 of the Civil Code, this suit being for the recovery of real property, should be revived against the real representatives of the decedent, S. F. D. Reese, and not against his pesonal representatives. The provisions of sections 500-512, inclusive, of the Civil Code, with reference to revivor of actions in trial courts, apply with equal force to revivor of appeals in this court, as is prescribed by section 767 of the Civil Code.

Any opinion which might be rendered on this appeal would, under repeated decisions of this court, be clearly erroneous without such revivor. Hopkins v. Hopkins, 91 Ky. 310; 12 R. 945, 15 S. W. 854; Spalding v. Wathen, 7 Bush 659; Sawyer v. Fuqua, 20 R. I. 41, S. W. 15, 46 S. W. 209; Magee v. Frazier, 21 R. 254, 51 S. W. 174; Deppen v. Imoher, 27 R. 43, 84 S. W. 333; Buchannon v. Boyd, 120 S. W. 295, 131 Ky. 433.

As to whether it is now too late to enter an order of revivor against the decedent's real representatives, we do not now pass upon. It may be that decedent's nephews and nieces, who are parties to the suit, and also to this appeal, are his only real representatives, but, however this may be, we are clearly convinced that we should not attempt to pass upon the merits of the case with the record in its present condition.

To the end that the facts may be developed, and that the merits may be considered if not too late, we have concluded to issue a rule against the plaintiff to show cause why the appeal should not be dismissed for want of proper revivor, and the clerk of this court is ordered and directed to issue the rule returnable on or before June 8, 1917, under penalty of the rule being made absolute and the appeal dismissed in the absence of proper response.