## Mosely v. Morgan, et al.

(Decided June 22, 1923.)

### Appeal from Leslie Circuit Court.

1. Judgment—Rendition After Death of Party Makes it Voidable Only.—A judgment rendered after the death of a party to an action is voidable merely, and not void.

2. New Trial—Power to Vacate Judgment for Rendition After Death of Party is Discretionary.—Under Civil Code of Practice, section 518, subsec. 6, giving the court power after the expiration of the term to vacate or modify a judgment for the death of one of the parties before the judgment was rendered, merely confers upon the trial court the discretion to grant or .withhold a new trial on that ground as the facts may warrant, and does not confer upon a litigant an arbitrary right to a new trial if the ends of justice do not require it.

3. New Trial—Death of Party Before Rendition of Judgment Held Not to Prejudice Adverse Party.—Where one of two plaintiffs in an action to quiet title died after the cause had been submitted for final judgment, the only apparent effect of rendering judgment for plaintiffs after such death without substituting her heirs would be to prevent the judgment from foreclosing the right of defendants again to litigate the matter with the heirs, so that defendants were not prejudiced by the rendition of the judgment after the death of that plaintiff, and are not thereby entitled to a new trial.

4. New Trial—Petition to Vacate Judgment on Ground of Death Before Rendition of Judgment Must Show Ignorance of Death.— A petition for a new trial, on the ground that one of the adverse parties to the action had died before the judgment was rendered, is demurrable if it does not show that the petitioner was ignorant of the death when the judgment was rendered, since he was not entitled to a new trial if he suffered the judgment to be entered with knowledge of the death and without· having the action revived against the proper parties.

5. New Trial—Vacating Judgment Without Having Infant Heirs of Deceased Party Represented Held Error.—Where a judgment quieting title was rendered after the death of one of the plaintiffs, it was error to vacate the judgment and grant a new trial on that ground without any one having been summoned to represent the interest of deceased plaintiff's infant children.

6. New Trial—Petition Because Judgment was Rendered After Death of Parties Should Contain Entire Original Record.—A petition. for a new trial, under Civil Code of Practice, section 518, subsec. 6, on the ground that the judgment was rendered after the death of an adverse party, must be accompanied by the entire original record, or contain such a complete statement thereof as will enable the court to determine whether or not under all the circumstances a new trial should be ordered.

7. New Trial—Petition to Set Aside Judgment Held Defective for Not Disclosing all Material Facts.—Where a petition for a new trial, because the judgment was rendered after the death of the adverse parties, contained only statements of the substance of the pleadings, and a copy of the judgment without any reference to the proof, and from it it was impossible to tell whether the land was owned by the plaintiffs jointly, successively, or otherwise, which might be controlling in determining whether the judgment should be vacated in whole or merely modified, the lower court should have required the petition to be amended as provided by Civil Code of Practice, section 28.

CLEON K. CALVERT and L. D. LEWIS for appellant.

LEWIS & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On November 19, 1919, the appellant and one Mollie Spurlock instituted an action in equity against the present appellees, Hence Morgan and Polly Ann Morgan, to quiet their title to a described tract of land. A trial thereof resulted in a judgment for the plaintiffs, Mosely and Spurlock, and a dismissal of the counterclaim of the Morgans.

After the expiration of the term at which that judgment was rendered, this action was filed by the Morgans against Mosely and the three infant children of Mrs. Spurlock for a new trial of that action, upon the ground that Mrs. Spurlock died after the submission but before the rendition of the judgment therein. This fact being admitted by Mosely's answer, a new trial was granted, and he has appealed. The infant defendants were not summoned, and no defense was offered for them, hence they are not parties hereto.

A judgment rendered after the death of a party to an action is voidable merely and not void. Case v. Ribelin, 1 J. J. Marshall 29; Spalding v. Wathen, 7 Bush 659; Deppen v. Immohr, 119 Ky. 413, 27 Ky. L. R. 43, 84 S. W. 333.

Such procedure as this is authorized by subsection 6 of section 518 of the Civil Code, providing that:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it. . . . (6) For the death of one of the parties before the judgment in the action."

But it is apparent, as we uniformly have held, that this section merely confers upon the trial court the discretion to grant or withhold a new trial as the facts may warrant for any of the enumerated causes; and it does not therefore confer upon a litigant an arbitrary right to a new trial, or any right thereto unless under all the circumstances the ends of justice require it. Hence the mere fact that a party to an action died before judgment will not, of itself, entitle another party, not prejudiced thereby, to a new trial; and where, as here, the death of a plaintiff occurred after thorough preparation and submission of a cause in equity for final judgment, the only apparent effect upon the defendants who lost the case is, that the judgment possibly does not foreclose their right, as otherwise it would have done, to again litigate the matter with the deceased plaintiff's heirs, or whoever succeeded to her interest in the land upon her death.

We are therefore unable to see how the defendants in that action were in anywise prejudiced by her death after submission and before judgment; but, waiving that question for the moment, we are sure they were not entitled to a new trial if they knew of her death, and with that knowledge suffered the judgment to be entered without having the action revived against the proper parties. In their petition they did not allege that they were ignorant of her death when the judgment was rendered, or attempt to show how that fact in anywise prejudiced any right of theirs.

We are therefore of the opinion that the petition was demurrable, and that the court erred in overruling the demurrer thereto. But even if the petition had been sufficient in this respect, and considering appellant's separate answer insufficient, as the court held, it was certainly error for the court to vacate the judgment without anyone having been summoned to represent the interest of Mrs. Spurlock's infant children; and we are wholly unable to see how the judgment, in so far as Mosely is concerned, can be rendered invalid by the death of Mrs. Spurlock between the submission and rendition of the

judgment, or imagine any reason for a renewal of the litigation between him and appellees.

A petition for a new trial under this section of the Code must be accompanied by the entire original record, or contain such a complete statement thereof as will enable the court to determine whether or not under all the circumstances a new trial should be ordered. Hatcher v. Hatcher, 183 Ky. 270, 209 S. W. 36.

This petition contains only statements of the substance of the pleadings and a copy of the judgment, without any reference to the proof, and from the petition it is impossible to tell how the land was owned by Mosely and Mrs. Spurlock—whether jointly, successively, or otherwise—a fact probably disclosed by the evidence. But whether so or not, the petition should have pleaded their respective claimed interest in the land, which may or may not be a controlling factor in determining whether the judgment should be vacated *in toto*, or modified merely if prejudicial to the petitioners because of the death of one of the plaintiffs in that action; and the representatives of Mrs. Spurlock should have been brought into court in order that they might be heard, their rights, if any, determined and protected, and such final disposition be made of the whole matter as a consideration of the rights of all parties required. The lower court should have required this to be done, as is provided by section 28 of the Civil Code, since otherwise it was impossible to determine whether or not a new trial was proper.

Wherefore the judgment is reversed, with directions to sustain a demurrer to the petition, and for proceedings not inconsistent herewith.