## MASON et al. v. ANDERSON et al.

Court of Appeals of Kentucky.

Oct. 19, 1951.

Napier & Napier, C. W. Napier, C. W. Napier, Jr., Hazard, for appellant.

C. A. Noble, Hazard, Vera P. Street, Dallas, Tex., for appellee.

STANLEY, Commissioner.

This is a suit by the appellants, owners of the Hurst Hotel property in Hazard, against James A. Anderson, and his agent, L. F. Smith, to cancel a lease to Anderson executed on May 16, 1944, for a period of ten years. The action is based upon numerous alleged breaches of contract concerning the maintenance of the property and the operation of the hotel. See Commonwealth v. Anderson, Ky., 237 S.W.2d 860. The circuit court adjudged that the lease should not be cancelled.

The appeal was seasonably filed on December 8, 1950, but the appellants obtained time and filed their brief on April 18, 1951. The case was submitted June 8 without any brief for the appellees. On June 20 the attorneys for the appellees filed a statement that the appellee, Anderson, had died April 18, and that they were not authorized to represent the executors of his estate. The statement was accompanied by official certificates of death and the qualification of the executors on April 23, 1951. The appellants have not taken any step towards a revivor but moved that the case be advanced.

■■ The Code provisions for revivor of actions in the trial courts, Sec. 500 et seq., regulate cases in the Court of Appeals, Sec. 767, Civil Code of Practice. Those provisions are not clear in their application to a situation such as the present one. Anderson's co-appellee, Smith, was but his agent and is not a real party in interest. Where the right of action survives the death of a party to an appeal, a revivor here is not necessary after submission since the judgment relates back to the date of submission. Wallace v. Wallace's Executors, 150 Ky. 33, 150 S.W. 13. But if an appellee dies before submission, the appeal is abated, and a revivor is necessary. Ayres v. Fuqua, 46 S.W. 209, 20 Ky.Law Rep. 1; Buchanan v. Boyd's Ex'r, 131 Ky. 433, 115 S.W. 222, 120 S.W. 295. It may be otherwise if there are other appellees surviving who have a real interest and the case may be decided without prejudicing the rights of successors of the deceased party. It would be error to decide the case where the court has been given notice of the death of the appellee having the real, if not the only, interest and his personal representatives have not had opportunity to

present their side of the case. The appellants have· had notice of Anderson's death and six months have just about. expired since the qualification of his personal representatives. The case may now be revived against them. Sec. 507, Civil Code of Practice. The case is one that should be disposed of without any more delay than .is·necessary.

A rule will issue against the appellants to show cause why the appeal should not be dismissed for want of ·revivor. The Clerk of this court is directed to issue the rule,· returnable on or before November 2, 1951. ·Williams v. Reese, 176 Ky. 21, 195 S.W. 116. .