**PEOPLES STATE BANK & TRUST CO. et al. v. HARDY et al.**

Court of Appeals of Kentucky.

Oct. 19, 1951.

Rehearing Denied Nov. 30, 1951.

Wm. Hays, J. Smith Hays, M. C. Redwine, and M. C. Redwine, Jr., all of Winchester, for appellants.

R. R. Craft, Winchester, for appellees.

STANLEY, Commissioner.

In a suit to settle the estate of J. Newt Renaker, who died insolvent, the Master Commissioner made a report on May 17, 1934, of claims filed against the estate. The case lay dormant for a long time. We held in Hardy v. Peoples State Bank and Trust Company, 312 Ky. 821, 229 S.W.2d 771, that a certain mortgage and deed were void as a fraud upon the creditors, two of whom were the appellants, Peoples State Bank and Trust Company and J. M. Hodgkin's Administratrix. After the mandate was filed, the court entered orders, prepared by and upon motion of the attorney for these appellants, directing the Commissioner to pay the court costs in full and to distribute the balance of $8,549.92 remaining in his hands "to the creditors" in "proportion to their respective claims." This was done on June 19, 1950. At the following term of court in September, 1950, before distribution had been made, the appellants filed a statement that Mrs. Lena Renaker, the decedent's widow and creditor in a comparatively substantial sum, had died January 26, 1948, and that certain other creditors had died "more than one year next before this date," and certain corporations and partnerships, also creditors, had been dissolved. They pleaded that none of these parties were entitled to any part of the funds of the estate since no revivor had been entered as to any of them.

The motion was resisted upon the grounds (1) the orders of distribution entered in June, 1950, were final and could not be vacated at a subsequent term of court, and (2) the movants had waived any right they might have had to have the case revived since they had proceeded with the practice of the case with full knowledge of the facts. The court overruled the motion to disallow the claims. This appeal is from that judgment.

The appellants rely upon Sec. 509, Civil Code of Practice, which provides that after a year has elapsed in which revivor might be had, the right is barred without the consent of the adversary party. See Hale v. Commonwealth, 71 S.W. 902, 24 Ky.Law Rep. 1573.

We lay aside the point of waiver or estoppel, although it may be observed that Mrs. Renaker had been dead two years before the order of distribution was entered upon the appellants' motion.

The order directing the distribution among all the creditors in effect confirmed the allowance of the uncontested claims which had been reported by the Master Commissioner sixteen years before. Such an order is a final judgment. The court had no power to vacate or modify it at the later term except in a proceeding in-

stituted under Sec. 518 of the Civil Code of Practice. Culver v. Lutz, 171 Ky. 690, 691, 189 S.W. 240. The death of a party does not abate a judgment for money or one which involves personal property. It merely suspends the operation of the judgment until an administrator shall be appointed to enforce or enjoy it. Ritchey v. Buricke's Administrators, 54 S.W. 173, 21 Ky.Law Rep. 1120.

The court also overruled a motion to vacate the order of distribution as being void on account of the previous death of these creditors, which, as indicated, had never been suggested to the court. It would seem that the foregoing statements are sufficient to show that the judgment is not void. It may be added, however, that, generally, a judgment rendered for or against a party after his death may be erroneous, determinable by the particular circumstances, but is not void. Mosely v. Morgan, 199 Ky. 845, 252 S.W. 117.

The judgment is affirmed.