**PEOPLES STATE BANK & TRUST CO. et al. v. SNOWDEN.**

Court of Appeals of Kentucky.

June 6, 1952.

Redwine & Redwine, Hays & Hays, William O. Hays, Winchester, for appellants.

R. R. Craft, Harvey T. Lisle, Winchester, for appellee.

WADDILL, Commissioner.

Appellants instituted this action under Section 518 of the Civil Code of Practice seeking to modify a judgment entered in a suit to settle the estate of J. Newt Renaker. The court sustained appellee's demurrer and dismissed the petition. This appeal follows.

Different branches of the Renaker suit have previously been before this Court. Following our decision in Hardy v. Peoples State Bank & Trust Co., 312 Ky. 821, 229 S.W.2d 771, the circuit court entered orders prepared by and upon motion of the attorneys for the present appellants, directing the Commissioner to pay the court costs and to distribute the balance of $8,549.92 remaining in his hands "to the creditors" in "proportion to their respective claims." At the following term of court, before distribution had been made, the appellants filed a statement that Mrs. Lena Renaker, the decedent's widow and creditor, had died and that certain other creditors had died, and that certain corporations and partnerships, also creditors, had been dissolved. They pleaded that these parties were not entitled to any part of the funds of the estate since no revivor had been entered as to any of them.

The motion was resisted upon the ground that the order of distribution was final and could not be vacated at a subsequent term of court, and that the movants had waived any right they might have had to have the case revived since they had proceeded with the practice of the case with full knowledge of the facts. The court overruled the motion to disallow the claims. On appeal, Peoples State Bank & Trust Co. v. Hardy, Ky., 243 S.W.2d 480, this Court held that the order directing the distribution among the creditors was a final judgment and the court had no power to vacate or modify it at a later term except in a proceeding instituted under Section 518 of the Civil Code of Practice.

The instant action was predicated upon the same grounds that were alleged in appellants' motion to vacate the judgment.

■ A judgment rendered after the death of the party to an action may be erroneous, determinable by the particular circumstances, but it is not void. Peoples State Bank & Trust Co. v. Hardy, Ky., 243 S.W.2d 480; Deppen v. Immohr's Ex'r., 119 Ky. 413, 84 S.W. 333, 27 Ky.Law Rep. 43; Spalding v. Wathen, 7 Bush 659; Case v. Ribelin, 1 J.J. Marshall 29.

■ This Court has uniformly held that an action brought under Section 518 of our Civil Code of Practice merely confers upon the trial court the discretion to grant or to withhold a new trial as the facts may warrant. The petition before us does not allege any facts showing wherein appellants were denied any of their rights, or were in any way prejudiced by the entry of the judgment. The fact that a party to an action dies before judgment will not entitle another party, not prejudiced thereby, to a new trial. Mosely v. Morgan, 199 Ky. 845, 252 S.W. 117.

■ The original action to settle Renaker's estate has been pending for over 18 years; the case was thoroughly practiced prior to the death of some of the interested parties and apparently all of the rights of the parties had been fully protected by the judgment. Under the allegations of the petition no sufficient reason appears that would authorize this Court to order a reversal of the judgment which dismissed this proceeding.

Judgment affirmed.