## WILLIAMS, Adm'r, vs. McCONICO.

1. An appeal bond does not require the written approval of the clerk endorsed on it : it is a sufficient approval in fact if the officer to whom the duty is entrusted signifies his assent by receiving it.

2. In this case, the appellant producing satisfactory evidence to raise the presumption that his bond was accepted by the probate judge at the time the appeal was taken, although the written endorsement on the bond referred its approval to a subsequent day, a special *certiorari* was awarded, on motion, requiring the probate judge to certify the time when he accepted and received the bond, without reference to his written endorsement.

APPEAL from the Court of Probate of Sumter.

MOTION to dismiss the appeal, and cross motion for a special *certiorari* to perfect the record.

Williams, adm'r, v. McConico.

Percy Walker, for the appellant.

Jno. F. Vary, *contra.*

GOLDTHWAITE, J.—It appears from the record, that the appellant made application for letters of administration on the estate of James O. Williams, which was decided against her on the 28th September, 1853, and an appeal taken on the same day to the next term of the Supreme Court, at which term the record was filed. It also appears from the record, that the appellant, on the same day on which the appeal was taken, executed a bond with sureties, conditioned to pay the costs of the appeal; but from the endorsement of approval of the judge of probate upon this bond, it seems not to have been approved until after the appeal was taken. The appellant, producing satisfactory evidence in this court to raise the presumption that the bond was in fact received and accepted by the judge of probate at the time the appeal was taken, moves for a special *certiorari* requiring such judge to certify the time when said bond was in fact approved, without reference to his written approval endorsed on the obligation.

In McClure v. Colclough, 5 Ala. 65, we held, that although the statute (Clay's Dig. 535, § 4) required the bond of the sheriff to be approved by the judge of the County Court, it was not necessary that the approval should be manifested by matter of record or writing. By section 119 of the Code, it is provided, that the approval of all official bonds should be in writing endorsed on the bond; but this direction does not apply to appeal bonds, or bonds taken as security for the costs of the appeal, under sections 1898, 3041, 3019, these not being official bonds. As to these, it is an approval, in fact, if the officer to whom this duty is entrusted signifies his assent or approval by receiving a bond given in conformity with the act, as security for the appeal, or for the costs. In the present case, if the judge of probate considered the bond as a sufficient security for the costs, and received it as such, that was in law an approval, and would authorize him to certify that the bond was then approved.

Motion granted.