# Donnell *v.* Hamilton.

*Petition to set aside Judgment of Special Supreme Court.*

1. *Supreme Court ; conclusiveness of decision on lower court.*—A decision of the Supreme Court, duly entered of record, and properly certified to the court from which the appeal was taken, is conclusive on that court, and can not be there assailed on account of errors or defects which do not render it void on its face; the only remedy being by petition, or other appropriate proceeding, in the Supreme Court.

2. *Same ; power over judgment after expiration of term.*—The Supreme Court can not set aside a judgment or decree rendered by it, after the expiration of the term at which it was rendered, unless the same is void on its face.

3. *Special Supreme Court.*—When two of the justices of the Supreme Court are disqualified to sit in a cause, the parties may consent, by agreement entered of record, that the case shall be submitted to the decision of the remaining justice, and that his decision shall be entered up as the decision of the court; or that two attorneys of the court, named in the agreement, shall be associated with him, and that the decision of the three, or a majority of them, shall be entered up as the judgment of the court; and if one of the attorneys so selected dies before judgment is rendered, the decision of the justice and the surviving attorney, afterwards rendered, and regularly entered up as the judgment of the Supreme Court, is valid and binding on the parties, and can neither be assailed in the court below, to which the cause is remanded by judgment and certificate regular on their face, nor in the Supreme Court after the expiration of the term at which it is regularly entered.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. THOS. COBBS.

In this case, STONE, C. J., and CLOPTON, J., were incompetent to sit, having been of counsel ; and the case was thereupon certified by SOMERVILLE, J., to the Governor, who appointed JNO. M. MCKLEROY and THOS. SEAY, attorneys of the court, to sit with Judge SOMERVILLE as a special court. The statute authorizing such special court is in these words : " When any

[Donnell v. Hamilton.]

two of the judges of the Supreme Court are interested, or disqualified to sit in any cause or causes pending in the court, the remaining judge shall certify the fact to the governor ; and thereupon the governor shall commission two members of the bar of the Supreme Court, and the persons so appointed, with the judge of the court who is competent to sit, shall compose the Supreme Court for the trial and decision of such causes, with all the powers, privileges and duties of the Supreme Court of this State."—Code, § 576. The opinion states all the material facts. The case is published by instructions from the Supreme Court.

Thos. H. Watts, Humes, Gordon & Sheffey, and L. Cooper, for the appellant.

Cabaniss & Ward, contra.

John M. McKleroy, Special Judge.—This is an appeal from a decree of the Chancery Court, refusing to declare null and void a mandate certified to it by the clerk of the Supreme Court, as the judgment of the Supreme Court in the case of *Hamilton v. Donnell*, and to vacate its own proceedings to final decree pursuant to said mandate.

The original bill of *Hamilton v. Donnell* was dismissed by the Chancery Court, on February 10th, 1874. An appeal was taken by complainant to the Supreme Court, on May 4th, 1875. Two of the judges of the Supreme Court were disqualified to sit in the case, and the parties selected Messrs. Jno. A. Elmore and Henry C. Semple, attorneys practicing in the court, to sit with Judge Manning, the only competent judge, and to hear and decide the cause. The agreement was in writing, and entered of record ; and it provided that the decision of a majority of said parties, sitting and hearing the cause, should have the same force and effect as the decision of the Supreme Court duly and legally organized.

The cause was submitted to them for decision, on July 13th, 1877. Mr. Elmore died in 1878. Judge Manning and Mr. Semple decided the cause, on the 12th day of June, 1879, reversing the decree of the Chancery Court, and remanded the cause for further proceedings in the court below. Their decision was duly entered as the judgment of the Supreme Court in the cause, and as such was duly certified to the Chancery Court. The Chancery Court rendered another final decree in the cause, on October 6th, 1880, and from this decree Mrs. Donnell prosecuted an appeal to the Supreme Court ; and by that court the decree of the chancellor was affirmed on 11th October, 1881. Nearly two years afterwards—on 20th Septem-

[Donnell v. Hamilton.]

ber, 1883—the bill, or petition in this cause was filed, seeking to declare null and void the decree rendered by the Supreme Court on June 12th, 1879, and to vacate and annul all subsequent proceedings in the Chancery Court pursuant to said decree of the Supreme Court.

We think the chancellor was clearly right in denying the prayer of the petition. The appeal taken by complainant Hamilton, on May 4th, 1875, removed the cause from the Chancery Court into the Supreme Court. If the decree of the Supreme Court of June 12th, 1879, was void, then the cause was still pending in the Supreme Court, and the Chancery Court had no jurisdiction to make any order or decree in the cause, unless the said decree of the Supreme Court was void in its face. It does not seem to be void on its face ; for it is duly entered of record as the judgment of the Supreme Court, and, as such, was duly and regularly certified to the Chancery Court. The Chancery Court can not question the validity of such a judgment. Sound public policy, as well as settled law, requires that the judgments and decrees of the court of last resort shall be conclusive on the inferior courts, from which appeals to it are taken. If the judgments of such supreme tribunal are wrong, or inherently defective, and not absolutely void on their face, the only remedy is by petition, or other appropriate proceeding in the supreme tribunal itself.—Bigelow on Estoppel, 3d ed., 22 ; *State v. Lane*, 4 Iredell, 434 ; *Roundtree v. Turner*, 36 Ala. 555 ; *Sturgis v. Rogers*, 26 Ind. 1.

The decree of the chancellor is affirmed.

A motion is also made in this court by appellant to vacate and annul said decree of this court, of June 12th, 1879.

This presents the question, whether this court can set aside its own judgment and decree, after adjournment of the term at which it was rendered. We think it can not do so, unless the judgment or decree which is sought to be set aside is void on its face. It is not void on its face. It is duly entered as the judgment of the Supreme Court, and the evident purpose of the parties, and the effect of the written agreement entered into by them, were, that it should be so entered. If for no other reason, it is conclusive and binding on the parties, as an agreed judgment.—Bigelow on Estoppel, 3d ed., 22 ; *Van Dyke v. State*, 22 Ala. 57 ; *Curtis et al. v. Gaines*, 46 Ala. 455 ; *Ex parte Madison Turnpike Co.*, 62 Ala. 93 ; 2 Brick. Dig. 141, § 150.

Aside from the fact that the judgment is regular on its face, and duly entered of record, when looking at all the facts connected with its rendition, it seems to us that it is conclusive on the appellant. It is not denied that the Supreme Court had

[Donnell v. Hamilton.]

jurisdiction both of the subject-matter involved, and of the parties. But it is insisted that the decision is not that of the court, because only one of the judges of that court, and Mr. SEMPLE, who was not a member of the court, exercised judicial mind in its determination. It is true that, if two of the judges of the Supreme Court are disqualified from sitting in a cause, the remaining judge can not, without consent of the parties, proceed alone and render a valid judgment in the cause. But the parties may waive the disqualification of the other judges (Code, § 540), or they may consent for the single qualified judge to decide the cause, as was done in the case of *Bullard and Wife v. Lambert*, 40 Ala. 204, and as it seems was done in this very case on the second appeal to the Supreme Court. Freeman on Judgments, 3d ed., § 147; *Walker v. Rogan*, 1 Wis. 597. If, then, it was competent for the parties to have submitted the cause to Judge MANNING alone, and if his judgment would have bound them, we can not see that the fact that Mr. ELMORE and Mr. SEMPLE, who were learned and experienced attorneys of the court, sat with Judge MANNING, and counselled with him about the case, rendered it any the less valid; and especially so, when these outside parties were called into the case, at the instance and for the convenience of the parties themselves, and their counsel and co-operation was accepted by Judge MANNING, and permitted by him and the other members of the court, purely as matter of courtesy to the parties.—*Ala. & Fla. R. R. Co. v. Burkett*, 42 Ala. 83. Mr. SEMPLE was certainly, *pro hac vice*, a *de facto* judge of the Supreme Court.—*State v. Carroll*, 9 Amer. Rep. 429.

Suppose none of the judges had been disqualified, and the parties had presented to the court, and had entered up as the judgment of the court, what they had themselves agreed upon as the judgment, or an award which had been made for them by outside parties, not judges, nor even attorneys, but which they had consented should be entered as the judgment of the court; can it be that one of the parties could afterwards come into the court, and have such judgment set aside as void, because it was not in fact the independent judgment of the court? Such conduct would be trifling with the court, and in direct conflict with that salutary principle upon which the doctrine of estoppel rests.

The appellant must be held to be estopped from disputing the validity of the judgment in this case.

We can not see that there is any hardship in this; for the decision was made by those who were selected by the parties for the very purpose, and, on this motion, we can indulge only the presumption that the decree so rendered by them was just and correct. But, if it was otherwise, appellant must remember

[Donnell v. Hamilton.]

that such result was produced by her own voluntary act; without such consent on her part (for it is not denied that her solicitor had authority to bind her in the premises), it would not, and could not have been brought about.

We think it is immaterial that the decision was made by Judge MANNING and Mr. SEMPLE after the death of Mr. ELMORE. The written agreement provided, that a " decision *of a majority* of them shall have the same force and effect as the decision of the Supreme Court." It was the decision of a majority of them, and it is useless to speculate as to what might have been the effect of Mr. ELMORE had survived.

The motion is denied.