# Roll *v.* Howell.

### Motion to Set Aside Judgment.

(Decided November 31, 1916.   Rehearing denied December 19, 1916.
73 South. 218.)

1. **Appeal and Error; Jurisdiction; Motion to Vacate Judgment.**—A motion to vacate a judgment because the court did not have jurisdiction of parties cannot be sustained where, on the face of the record, jurisdiction is affirmatively shown, and the proceedings appear, in all things, regular, since the record imports absolute verity.

2. **Same; Perfecting; Filing Bond.**—Where a sufficient appeal bond was filed before the death of the appellee, and subsequently approved, the approval relates back to the time the bond was filed, and jurisdiction over the cause was transferred to the appellate court within the lifetime of the appellee.

3. **Courts; Appellate; Judgment; Validity.**—Where the transcript was filed and the cause submitted to the appellate court without suggestion of the death of the appellee, the judgment of the appellate court is not void.

4. **Judgment; Vacating.**—Where the judgment of the appellate court was not void, being at most irregular, the court had no authority to set it aside after the adjournment of the term.

ORIGINAL application in Court of Appeals.

Motion by Clark Howell, as administrator of the estate of Lizzie G. Howell, to set aside and vacate the order and judgment of this court reversing and remanding the cause of Roll v. Howard and taxing appellee with the costs of the court.   Motion denied.

The grounds alleged are as follows:   That the judgment from which the appeal in this cause was prosecuted was rendered on, to wit, May 20, 1912.   That said appeal was taken and supersedeas bond approved July 2, 1912, during the usual office hours of the clerk, to wit, 7 a. m. to 6 p. m.   That on, to wit, July 2, 1912, the said appellee, Lizzie G. Howell, died in Atlanta, Ga., at the hour of 4 o'clock in the morning.   That appellee was a non-

resident of the state of Alabama the entire time from the com-. mencement of her said suit until her death. That the transcript of said cause was filed in the court on November 25, 1912, and was submitted on briefs on November 27, 1912, and said cause was reversed and remanded by this court on May 13, 1913, as appears from the minutes of this court: "It is also considered that the appellee pay the costs of appeal of this court and of the circuit court." And movant shows, therefore, that the said judgment and order of this court is null and void for the reason this court was without jurisdiction of the parties to the suit, to wit, the personal representative of appellee, and the said movant prays an order of this court that he be allowed to intervene in said cause as the administrator in said cause of the estate of Lizzie .G. Howell, deceased, for the purpose of informing the court of the facts herein set out and of making this motion.

THOMPSON, GREEN & THOMPSON, and F. E. BLACKBURN, for appellant. W. T. HILL, and JAMES A. MITCHELL, for appellee.

BROWN, J.—The judgment of this court entered on the 13th day of May, 1913, is not void on the face of the record; and the questions presented by this motion are not within the influence of the principle, often declared in this state, that courts, in order to protect the integrity of their records, will expunge therefrom orders and judgments void on their face, regardless of the lapse of time.—*Sweeney, et al. v. Tritsch,* 151 Ala. 242, 44 South. 184.

(1) On the face of the record in this case, jurisdiction is affirmatively shown, and the proceedings appear in all things regular; and on the attack here made the record imports absolute verity.—*Chapman v. Holding,* 54 Ala. 61.

If therefore the date on which the appeal bond was approved was otherwise material, the date of approval (June 29, 1912) shown by the record would be conclusive.

There is no dispute that the bond was filed by the appellant on the 29th day of June, 1912; but movant (appellee's administrator) seeks to show that the bond was not approved until the 2d day of July, the day of appellee's death. This controversy is not material. Regardless of the date of approval, if the bond as filed was subsequently approved, the appeal was taken when the appellant presented a good and sufficient bond to the clerk for approval, and the subsequent approval would relate back to the

time the bond was presented and filed by the clerk.—*Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241; *Moore v. Spier,* 80 Ala. 129.

(2) The bond having been filed before the death of the appellee—though subsequently approved—jurisdiction over the cause was transferred to this court within the lifetime of appellee.—*Sherman v. State, infra,* 72 South. 755; *McLaughlin v. Beyer,* 181 Ala. 427, 61 South. 62; *Lasseter v. Deas,* 9 Ala. App. 568, 63 South. 735.

(3) And the transcript having been filed and the cause submitted without the suggestion of the death of the appellee, the judgment of the court is not void.—3 Corpus Juris, 1024, § 987; *Reid v. Strider,* 7 Grat. (Va.) 76, 54 Am. Dec. 120; *Deppen v. Immohr's Ex'r,* 119 Ky. 413, 84 S. W. 333; *Spalding v. Wathen,* 7 Bush (Ky.) 659; *Phelan v. Tyler,* 64 Cal. 80, 28 Pac. 114, *Delaplaine v. Bergen,* 7 Hill (N. Y.) 591; *Green v. Watkins,* 6 Wheat. 260, 5 L. Ed. 256; *Rogers v. Paterson,* 4 Paige, Ch. (N. Y. 409; *U. S. Bank v. Weisiger,* 2 Pet. 481, 7 L. Ed. 492.

(4) The judgment not being void, but, at most, irregular, the court has no authority after the adjournment of the term to set it aside.—*Donnell v. Hamilton,* 77 Ala. 610; *Reid v. Strider, supra;* 1 Freeman on Judgments, §§ 121, 152.

What we have said in no way conflicts with the holdings that the court, after a suggestion of the death of one of the parties, will not proceed without an order reviving the cause, and, in the absence of such revivor, the appeal will be abated.—*English v. Andrews,* 4 Port. (Sup.) 319; *Evans v. Boggs, Minor* (Sup.) 354; *Lasseter v. Deas, supra;* Rule 37, Supreme Court Practice, Code 1907, p. 1515.

The motion in this case is overruled, and movant taxed with the costs.

Motion overruled.