(111 So. 896)

## EVANS v. KING. (7 Div. 301.)

(Court of Appeals of Alabama. Feb. 1, 1927. Rehearing Denied March 22, 1927.)

Victor Vance, of Gadsden, for appellant.

E. O. McCord & Son, of Gadsden, for appellee.

SAMFORD, J. ■ J. G. King recovered judgment against J. T. Evans in January, 1922, for debt and costs. An appeal was duly taken to the Court of Appeals. In December, 1922, King, the appellee, died. In January, 1923, without any suggestion of the death of King, appellee, to the Court of Appeals, or revivor, the cause was submitted on motion to affirm for want of assignments of error. The motion was granted and the judgment affirmed. The appellee being dead at the time of the submission of the cause, the judgment of affirmance was void and of no avail. McDonald v. Womack, 214 Ala. 309, 107 So. 812.

■ The foregoing facts being made known to the court on motion of Emma King, as executrix of J. G. King, deceased, the cause was, on January 29, 1926, restored to the docket of this court, and ordered revived in the name of Emma King, as executrix of the estate of J. G. King, deceased, and on January 13, 1927, is submitted on motion of appellee to dismiss. The judgment of affirmance, rendered in January, 1923, being void and of no effect, the cause was properly reinstated to the docket of this court, that a judgment might be rendered disposing of the cause by a valid judgment. It may here be noted that the Court of Appeals (Roll v. Howell, 15 Ala. App. 347, 73 So. 218) held a judgment similar to the one under consideration to be voidable, but as to that holding the later case of McDonald v. Womack, supra, must govern, and, in so far as the two cases conflict, the opinion in Roll v. Howell, supra, is overruled.

■ Revivor, in appeals before this court, is not governed by section 5715 of the Code of 1923. That section controls in actions pending in nisi prius courts.

The practice as to revivor in this court is controlled by Supreme Court Rule 37, Code 1923, 4th vol. p. 891, which provides for abatement—

"unless, for sufficient cause shown, the court shall extend the time."

In a case similar to the one here under consideration, the Supreme Court held that the facts there presented a sufficient showing for extension of time within which an appellant will be permitted to revive. Clancey v. Stephens, 92 Ala. 577, 9 So. 522, 524. Such will be the holding here, and was the authority upon which this court based its order of January 29, 1926, granting appellee's motion to reinstate and revive in the name of the personal representative of King, deceased.

■ That leaves the cause on this docket on the certificate of the clerk of the circuit court, that an appeal has been taken to this court, and a submission on motion to dismiss. On authority of Code 1923, § 6148, the motion to dismiss is granted.

Motion of Womack, surety on appeal bond, is denied and the appeal is dismissed.

Appeal dismissed.