(118 So. 587)

**THOMPSON v. MENEFEE.** (2 Div. 917.)

Supreme Court of Alabama. Nov. 8, 1928.

Wm. Cunninghame, of Linden, for appellant.

J. F. Thompson, of Centerville, and McKinley & McDaniel, of Demopolis, for appellee.

BOULDIN, J. ■■ An appeal from a final decree dates from the time good and sufficient surety for costs of appeal is lodged with the proper officer. The security must be accepted and approved by the officer. When the officer receives the proffered security, but withholds his approval until he is furnished evidence of its sufficiency, and, such evidence being furnished, he approves the security and certifies the appeal, the appeal is within time, although the evidence be received and the filing and approval be indorsed and dated after the expiration of six months from the date of the decree.

The party having lodged good and sufficient security with the officer within the time fixed by law, he will not be deprived of his right of appeal by delay of the officer in giving his approval. Code, § 6131; Lewis v. Martin. 210 Ala. 401, 409, 98 So. 635; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363; Cochran v. State, 206 Ala. 75, 89 So. 278; Campbell v. State, 182 Ala. 18, 62 So. 57; Roll v. Howell, 15 Ala. App. 347, 73 So. 218. The motion to dismiss the appeal is not well taken.

The bill was filed to foreclose a mortgage on real estate. On former appeal we considered the equity of the cross-bill filed by respondent B. Aden Thompson. Thompson v. Menefee, 211 Ala. 168, 100 So. 107. The case made by the bill appears in that opinion.

The present appeal is prosecuted by same respondent from a final decree granting relief to complainant. The questions raised on the present appeal relate mainly to questions of procedure. Much of the argument is met by the record as completed on return of certiorari issued on motion of appellee.

■ The mortgagor sold and conveyed the mortgaged lands in three parcels, the purchaser of each assuming the payment of a specified portion of the mortgage debt, aggregating the full amount. The mortgagor having parted with all title, legal or equitable, and no relief being sought against him, he was not a necessary party to the suit. Boutwell v. Steiner, 84 Ala. 307, 4 So. 184, 5 Am. St. Rep. 375.

■ Likewise, the original mortgagee, by assignment of the mortgage in writing duly executed and acknowledged, had, by apt words of conveyance, parted with all interest in the mortgage debt and mortgaged lands without recourse.

■ By similar assignments from successive assignees the mortgage debt and mortgagee's estate in the lands was passed to the complainant, W. A. Menefee. None of these were necessary parties. The necessary parties are those only who have a legal or equitable interest in the lands or some interest in the secured indebtedness as payee or debtor. An amendment made at the time of submission striking out a party complainant, who had thus parted with interest in the litigation, called for no continuance of the case. It does not appear any motion for continuance was made.

■ While the cause is being heard in open court, all parties represented by counsel, they take notice of all matters presented at such hearing. An amendment striking out a party complainant at such time is not within the statute (section 6559) requiring copy to be served on defendant.

■ The decree shows the cause was duly submitted on pleadings and proof as noted by the register. Complainant's note of testimony appears in the record, but no note of testimony offered by respondent appellant.

This is no cause for reversal under chancery rule 75. This court has adopted the policy of reversing causes in certain cases for noncompliance with this rule of practice. Thus where relief has been granted to complainant and the record shows no note of testimony offered by him to support the decree, it will be reversed. Brassell v. Brassell, 205 Ala. 201, 87 So. 347; Crews v. State, 206 Ala. 101, 89 So. 205.

On appeal from a decree denying complainant relief, a reversal cannot be had in the absence of a note of testimony. Winfield Lumber Co. v. Southern Mfg. Co., 209 Ala. 614, 96 So. 756.

These rules are inapplicable here. Complainant's testimony was noted. In the absence of a note of testimony by respondent, neither the court below nor this court can consider any evidence not noted by complainant. The case could be reversed only for

failure of complainant's evidence to entitle him to relief. Jones v. Moore, 215 Ala. 579, 112 So. 207.

The documentary evidence shows complainant to be the assignee of the mortgage in such form as to vest in him the legal title to the land, and the ownership of the mortgage debt.

We find no error in the decree in his favor. Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.