53 So.2d 621

### GENERAL ASSEMBLY OF COLORED CUMBERLAND PRESBYTERIAN CHURCH, U. S. A. v. PATTERSON et al.

#### 8 Div. 586.

Supreme Court of Alabama.
June 28, 1951.

Arthur D. Shores, Peter A. Hall, Birmingham, and David H. Hood, Jr., Bessemer, for appellant.

Griffin, Ford, Caldwell & Ford, Huntsville, for appellees.

SIMPSON, Justice.

The cause is submitted on motion and merits.

The motion is to dismiss the appeal because the appeal bond was not approved by the register within the six-months stat-

utory period for appealing. The bond was lodged with the proper officer, the register, within the prescribed period and thereafter duly approved by him which, of course, sufficed under the rule of our cases to perfect the appeal within time. Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Williams v. McConico, 25 Ala. 538; see also Shepherd's Citator under Thompson v. Menefee for many later cases.

### On the Merits.

The appellant, General Assembly of the Cumberland Presbyterian Church, U.S.A., brought this suit against appellee Patterson to have set aside and cancelled a deed to the suit property given him by the trustees of a former school for colored children known as Alabama Cumberland Presbyterian Institute, the deed reciting that it was given under authority of the Alabama Synod of the Cumberland Presbyterian Church (Colored); and against Patterson's mortgagee to cancel a mortgage Patterson had thereafter given on the property.

The appellant claims title to the property by virtue of a certain deed executed in 1899 by John F. Humphrey and wife conveying the property to certain named trustees "not as individuals, but in an official capacity as Trustees elected or appointed by Alabama Synod of the Cumberland Presbyterian Church (Colored), to be a board of trustees for the Alabama Cumberland Presbyterian Institute, a school for colored children, located at Huntsville." The deed further recited:

" * * * No matter what construction may be put on the granting clause in this instrument, it is intended that, as the said school is not a corporation, its property must be in the hands of trustees for its use. When trustees herein named shall not more be trustees from any cause, the title to the above lot shall vest [in their] successors, or successor, or assigns, no matter how the new trustees are elected or appointed, and the trustees recognized by the said Synod shall be the true trustees.

"To have and to hold the above described lot with the tenements and appurtenances thereunto belonging, or in anywise appertaining, unto the said Trustees of the Alabama Cumberland Presbyterian Institute, a school for colored children located at Huntsville, Alabama, and their successors as such Trustees and Assigns forever. * * *"

Patterson received his deed in 1943 from successor trustees "duly appointed as such trustees by the Alabama Synod of the Cumberland Presbyterian Church, Colored," the deed reciting that the trustees had been duly authorized to make such conveyance by resolution of the Synod. It would seem from the evidence adduced that under the regulations of the church the General Assembly is the supreme judicatory, of which all inferior bodies, including the synods, are constituent; and power to buy property emanates from the General Assembly and must be deeded to the denomination through its board of trustees, and no church property bought in the name of the Colored Cumberland Presbyterian Church and entrusted to the care of the board of directors can be sold, transferred or donated without the consent of the General Assembly so authorizing. From this regulation of the church organization, the appellant deduced the theory that it would have a right to have set aside and cancelled Patterson's deed because the conveyance was not authorized by the General Assembly. This might be true, a question we are not called on to decide in the view we take of the case, if the church had acquired any interest in the property by the Humphrey deed. But the Humphrey deed was not to the Cumberland Presbyterian Church, nor was the Cumberland Presbyterian Church the beneficiary of the trust set up in the conveyance. The beneficiary of the trust was a school, viz., Alabama Cumberland Presbyterian Institute, a school for colored children located at Huntsville. And the named trustees, obviously for convenience or to satisfy the wishes of the conveyors, were to be elected or appointed by the Synod of the church to be a board of trustees for said school. The status, in so far as the cestui que trust were concerned, would have been the same had any other

trustees been named. The designation of the trustees to administer the trust was not of the essence of the trustors' intent. They were merely the agency, the means to accomplish the intent. The mere fact that the Synod of the church was named as the entity to appoint or elect the trustees did not operate to give the church any beneficial interest in the property. Trustees of Cumberland University v. Caldwell, 203 Ala. 590, 592(1), 84 So. 846. And no kind of construction could be brought to bear on the conveyance to lead to the conclusion that the church had any right, title or interest, legal or equitable, in the property.

This being so, and the complainant being required to show its right to relief, the trial court properly dismissed the bill. We might observe in passing that we are not concerned with the character of Patterson's title. Appellant, having failed to show any ground for relief, must suffer a dismissal of its bill, as was decreed by the court.

■ No case is presented for application of the doctrine of equitable approximation, since the evidence discloses that, although when the deed from Humphrey to the board of trustees of the Institute was made there was such a school for colored children, long ago this school had ceased to exist and the property altogether abandoned for such purpose. The intention of the grantors as clearly expressed in the deed was that the property should be used for the specific purpose designated and no other. The trust has therefore failed—lapsed—and the court cannot apply the property to a use not contemplated by the grantors under the terms of the deed. Dunn v. Ellisor, 225 Ala. 15, 141 So. 700; King v. Banks, 220 Ala. 274, 124 So. 871; Trustees of Cumberland University v. Caldwell, supra.

We find no error in the decree.

Motion to dismiss the appeal overruled and judgment affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.