121 So.2d 896

### C. M. WADE

v.

### TOWN OF HELENA.

7 Div. 487.

Supreme Court of Alabama.

June 30, 1960.

Donaldson & Thompson, Birmingham, for appellant.

Karl C. Harrison, Columbiana, for appellee.

LAWSON, Justice.

This cause was submitted on the merits and on motions of appellee, including a motion to dismiss the appeal.

Motion to Dismiss Appeal

The appellant has sought to appeal from a final decree of the Circuit Court of Shelby County, in Equity, entered in a proceeding instituted against appellant by appellee, the Town of Helena, under the authority of Article 4, Chapter 15, Title 37, Code 1940.

Section 767 of the article and chapter mentioned above provides that appeals in cases of this kind must be taken within thirty days from the rendition of a final decree.

Grounds of the motion to dismiss are to the effect that the appeal should be dismissed because security for costs of appeal has not been approved by the register.

Section 792, Title 7, Code 1940, provides in part as follows: "An appeal may be taken without giving bond to supersede the execution of the judgment or decree, by the appellant giving security for costs of such appeal, *to be approved by the clerk, register, or judge of probate*; * * *." (Emphasis supplied.)

Where a bond to secure costs of appeal is lodged with the register within the time for taking an appeal, the appeal is timely perfected when the register approves the bond after the expiration of the time prescribed for the taking of the appeal. Williams v. McConico, 25 Ala. 538; Thompson v. Menefee, 218 Ala. 332, 118 So. 587; General Assembly, etc. v. Patterson, 256 Ala. 50, 53 So.2d 621.

The record shows that a bond to secure the costs of appeal and a supersedeas bond were filed in the office of the register within thirty days from the rendition of the decree, but it nowhere appears in the record that the register ever approved either bond. See Ralston Purina Co. v. Pierce, 265 Ala. 365, 90 So.2d 922.

It was made to appear at time of submission here that the register had never approved either bond, having concluded that the sureties on both bonds were insufficient.

At time of submission appellant made no effort to tender a sufficient bond, although the motion to dismiss was filed and served on appellant more than ten weeks before the cause came on for submission.

See Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803.

Under the existing circumstances we have no alternative but to grant appellee's motion to dismiss the appeal. It is so ordered.

Appeal dismissed.

STAKELY, MERRILL and COLEMAN, JJ., concur.