145 So.2d 830

**Robert Jack DOWDA, d/b/a Service
Sales Company,**

v.

**STATE of Alabama.**

3 Div. 994.

Supreme Court of Alabama.

Oct. 18, 1962.

Hill, Robison & Belser, Montgomery, for
appellant.

MacDonald Gallion, Atty. Gen., and Wm.
H. Burton, Asst. Atty. Gen., for appellee.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Montgomery County, in Equity, dismissing an appeal from a final assessment made by the State Department of Revenue.

Appeals from such final assessments are authorized by § 140, Title 51, Code 1940, which, in parts here pertinent, reads:

" * * * If any taxpayer against whom an assessment is made by the department of revenue under any assessment required by law to be made by the department of revenue, is dissatisfied with the final assessment as fixed by the said department of revenue, he may appeal from said final assessment to the circuit court of Montgomery County sitting in equity, or, in cases other than public utilities, to the circuit court of the county in which the taxpayer resides if the taxpayer has within the state a permanent residence, at the option of the taxpayer, *by filing notice of appeal with the secretary of the department of revenue and with the register of the circuit court of the county to which the appeal shall be taken within thirty days from the date of said final assessment made and entered on the minutes of the department as required by law, and in addition thereto by giving bond conditioned to pay all costs to be filed with and approved by the register of the court to which the appeal shall be taken.* * * *"* (Emphasis supplied)

■ The assessment of the Department of Revenue sought to be reviewed was made and entered on the minutes of that department on October 13, 1961.

A notice of appeal and a bond to secure costs were filed within the thirty-day period with the Register of the Circuit Court of Montgomery County, in Equity.

However, no notice of appeal was filed with the secretary of the Department of Revenue until November 17, 1961, more than thirty days after the assessment which was sought to be reviewed was made and entered on the minutes of the Department of Revenue.

The appellant insists that the failure to timely file the notice of appeal with the secretary of the Department of Revenue has worked no injury to the State of Alabama and·hence insists that the trial court erred in dismissing the appeal from the final assessment since a notice of appeal and a bond to secure costs were timely filed with the Register. In support of this contention the appellant relies on our holdings to the effect that on appeal to this court from the circuit courts we do not dismiss the appeal merely because the citation of appeal provided by § 801, Title 7, Code 1940, was served later than the time provided for such service by that statute unless some injury or inconvenience is shown. Louisville Fire & Marine Ins. Co. v. St. Paul Fire & Marine Ins. Co., 252 Ala. 532, 41 So.2d 585; Benson-Jackson-Mathers Post No. 5106 v. Donaldson, 267 Ala. 60, 99 So.2d 688.

■ The rule of the cases just cited does not control here. The service of the citation of appeal as provided by § 801, Title 7, Code 1940, is not an act which plays a part in the perfection of an appeal to this court under the general statutes. An appeal is perfected from the circuit court to this court under the general statutes by the mere act of lodging good and sufficient security for costs with the proper officer. § 792, Title 7, Code 1940; Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Maya Corp. v. Smith, 239 Ala. 470, 196 So. 125; General Assembly of Colored Cumberland Presbyterian Church, U. S. A., v. Patterson, 256 Ala. 50, 53 So.2d 621; Wade v. Town of Helena, 270 Ala. 718, 121 So.2d 896.

But under the provisions of § 140, Title 51, Code 1940, the timely filing of a notice

**126**

of appeal with the secretary of the Department of Revenue is one of the things which the taxpayer must do in order to perfect his appeal. In other words, without the timely filing of that notice the appeal is not perfected irrespective of the fact that a notice of appeal and the bond to secure costs were timely filed with the Register of the Circuit Court to which the appeal is attempted to be taken.

We are of the opinion that the Circuit Court of Montgomery County, in Equity, correctly dismissed the appeal since it was not taken in accordance with the terms and provisions of § 140, Title 51, Code 1940. See Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.