241 So.2d 107

**Marion J. JONES, Jr., et ux.**

v.

**KENDRICK REALTY COMPANY,**
a Corporation.

4 Div. 395.

Supreme Court of Alabama.

Oct. 29, 1970.

Rehearing Denied Dec. 3, 1970.

Marion J. Jones, Jr., pro se.

J. Pelham Ferrell, Phenix City, for appellee.

**436**

This appeal is from a final decree of the Circuit Court of Russell County, dated March 27, 1970.

 Appellants, on March 31, 1970, filed with the Register of the court security for costs with surety. The security was not marked approved by the Register, but the filing was sufficient approval. Williams, Adm'r, v. McConico, 25 Ala. 538; General Assembly, etc., v. Patterson, 256 Ala. 50, 53 So.2d 621, and cases cited. When the security for costs was filed, the appeal was perfected. Brown v. Oliver, 272 Ala. 265, 130 So.2d 334; Wade v. Town of Helena, 270 Ala. 718, 121 So.2d 896; Title 7, Sec. 792, Code 1940, Recompiled in 1958.

 Appellee moves this Court to dismiss the appeal for failure of appellants to file the transcript within sixty days subsequent to the taking of the appeal by appellants. It appears that the transcript was filed here on June 15, 1970. This was more than sixty days after the appeal was taken on March 31, 1970. No motion was here made or in the trial court for an extension of time for such filing.

Title 7, Sec. 769, Code 1940, Recompiled in 1958, provides that in equity cases the appellant shall file the transcript within sixty days from the date of taking the appeal.

Revised Rule 37 of this Court, as amended, 263 Ala. XXI, reads:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; *except in equity cases the transcript shall be filed within sixty days of the taking of the appeal.* Where bills of exceptions have have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order." (Emphasis supplied.)

We observed in State for Use of Russell County v. Fourth National Bank of Columbus, Georgia, 270 Ala. 135, 117 So.2d 145, as follows:

"In regard to appeals submitted in this court prior to June 1, 1955, the effective date of the revised rules of this court, we construed § 769, Title 7, Code 1940, as not requiring the dismissal of an appeal from a decree in equity where the transcript was not filed here within sixty days from the date of the taking of the appeal if the transcript was on file and the cause ready for submission on the merits at the first call of the division from which the appeal came. McCoy v. Wynn, 215 Ala. 172, 110 So. 129; Hinson v. Cook, 241 Ala. 70, 1 So.2d 33; Collins v. Thompson, 259 Ala. 82, 65 So.2d 491; Franks v. City of Jasper, 259 Ala. 641, 68 So.2d 306. Submissions on brief as well as on oral argument were then taken at the calls of the several divisions and hence if the transcript was on file prior to the call of the division from which the appeal came, the failure to file the transcript within the sixty-day period did not work any delay.

"But under our revised rules, in the absence of a request for oral argument, made in the manner provided, when briefs from all parties have been properly filed with the clerk of this court, the clerk must 'immediately submit the case in term time upon the transcript and such briefs.' Revised Rule 4, 261 Ala. XXI.

"Hence, a failure to file the transcript within the sixty-day period under the revised rules could result in delay of the submission in this court. Therefore, the rule of the cases last cited above can have no application in determining whether the transcript has been timely filed within the meaning of Revised Rule 37, as amended. The mere fact that the transcript is on file in the office of the clerk of this court before the first call of the division from which the appeal comes will not operate to bar dismissal of the appeal where there has been a failure to file the transcript within the time prescribed in said Rule 37, as amended.

"A transcript not filed in the office of the clerk of this court within the time prescribed in Revised Rule 37, as amended, will be stricken and the appeal dismissed where no extension of time for filing the transcript in this court has been obtained in the manner and within the time prescribed in that rule. (Citations omitted)"

The motion of appellee to dismiss the appeal has merit. The appeal is dismissed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Appeal dismissed.

MERRILL, HARWOOD, BLOOD-WORTH, MADDOX and McCALL, JJ., concur.