268 So.2d 848

**Marion J. JONES, Jr.**

v.

**M. Lamar MURPHY, Sheriff.**

**4 Div. 127.**

Court of Criminal Appeals of Alabama.

Aug. 17, 1971.

Rehearing Denied Oct. 24, 1972.

No attorney for petitioner.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for respondent.

CATES, Judge.

■ Habeas corpus to examine detention for civil contempt in that Jones refused to obey or obstructed execution of a foreclosure decree. The record before us refers to the record in our Supreme Court in Jones v. Kendrick Realty Company, 286 Ala. 435, 241 So.2d 107. However, we do not take judicial notice of another courts' records; Crossland v. First National Bank, 233 Ala. 432, 172 So. 255; Davis v. Davis, 261 Ala. 95, 72 So.2d 852.

Perhaps to obtain the benefit of the Supreme Court's taking notice of its own record would explain why the instant appeal was originally submitted to that court on April 15, 1971. However, without any opinion to guide us, that Court on May 10, 1971 transferred the appeal to this court, presumably because of § 2 Act 987, September 12, 1969. But per contra see Ex parte Nichols, 286 Ala. 156, 238 So.2d 190. Apparently Ex parte Morris, 252 Ala. 551, 42 So.2d 17 differs because it was an original action for certiorari.

In civil contempt the prisoner has the power to purge himself and is therefore said to be his own keeper because it is he who has the key to unlock his own cell. In other words he incarcerates himself voluntarily by obstinacy.

■ In the instant case Jones would make a collateral attack on the merits of the decree he sought to have reviewed in Jones v. Kendrick Realty Co., supra. But as pointed out, that case is not before this court and cannot come before us under Act 987, supra.

■■ On reviews of this sort all that is required to support the prisoner's detention is that there be before the trial judge some (presumably a scintilla suffices) legal evi-

**68**

dence to support the order of contempt. Here Jones admitted that he, in effect, was refusing to carry out the circuit court's order.

On his cross examination the record shows, in part:

"Q. * * * Now, by order of this court dated February 23rd, 1971, you were ordered as follows—or it was ordered as follows by the Circuit Court of Russell County, Alabama, in Equity: 'That as punishment for his said contempt the said Marion J. Jones, Jr., be confined to the jail of Russell County, Alabama, until he shall comply with the terms of said temporary injunction issued in the above cause on the 27th day of March, 1970, by removing himself, together with all of his personal property, from his premises described in the temporary injunction as 903 32nd Street, Pehnix City, Alabama.' Have you made an effort to have your personal effects removed or your personal property removed from the premises at 903 32nd Street, Phenix City, Alabama?

"A. Mr. Ferrell, for the last twenty-four days I have been in the Russell County Jail. I have not been able to communicate but with just a very few people.

"Q. Including your entire family. You have communicated with your three sons have you not?

"A. I have communicated with two of them, yes.

"Q. Have you directed either of them to move your personal property?

"A. They have no authority or right to move anything that belongs to me.

"Q. Have you directed them to?

"A. No, sir, I have not, Mr. Ferrell.

"Q. If you were released from custody today would you remove your personal effects and property from 903 32nd Street?

"A. No, sir, I would not."

Reference is made to Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43.

The judgment of remandment to the custody of the sheriff is hereby

Affirmed.