312 So.2d 77

**Jackie Sue ST. JOHN**

**v.**

**STATE.**

**7 Div. 329.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

Rehearing Denied April 22, 1975.

Church & Trussell, Pell City, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a judgment wherein it appears that appellant was tried and convicted by a jury of murder in the first degree, with punishment fixed at life imprisonment. Judgment pursuant to the verdict and mandates of law was duly entered, and this appeal therefrom was taken and made known when the sentence was imposed by the trial court. Sentence was imposed on the date the jury returned the verdict.

Appellant did not interpose any indigency claim at the time of trial. She was represented at nisi prius and now on this appeal by employed counsel. Thus, we have no indigency question involved.

## ON THE MOTION

Appellee filed in this court his motion to strike the record or transcript and dismiss the appeal, for that the transcript or record was not filed herein within the time provided by law. This motion has merit.

It appears in the proceedings of record before us that the jury returned their verdict of guilt on January 30, 1974, upon which date the trial court pronounced and entered judgment. At this juncture, defendant's trial counsel gave oral notice to the trial court of the defendant's appeal to this court. Also, he requested a transcript of the evidence for the defendant.

Subsequent thereto, on June 10, 1974, counsel for the defendant gave the filed written notice of appeal and mailed a copy thereof to the Attorney General of Alabama.

■ We, at this point, desire to observe this written notice does not supplant the oral notice of appeal on January 30, 1974. The written notice was surplusage and no value in the time element here involved. Title 15, § 328, Code of Alabama 1940, Recompiled Code 1958. The written notice merely memorialized the oral notice. McDaniel v. State, 39 Ala.App. 157, 96 So.2d 319.

It appears further that the defendant, on March 1, 1974, filed her motion for a new trial. This motion was heard and denied on April 10, 1974. It had the effect of tolling the beginning of the time (60 days)

within which the court reporter must file his certified transcript of the evidence taken in the case. This period may be extended by the trial court for cause. The court did not enter any extension of time, nor was there any request therefor.

■ The transcript of the evidence should have been filed within sixty-one days of April 10, 1974, the date the motion for a new trial was overruled. Sixty days is normally required, Title 7, § 827(4), Recompiled Code 1958, but this period of time fell on Sunday thereby extending the time for one day. Title 1, § 12; Title 39, § 184, Code of Alabama 1958. The court reporter's transcript was not filed until June 12, 1974, according to a certification pursuant to a certiorari addressed to the clerk of the court. It was two days late. Relf v. State, 267 Ala. 3, 99 So.2d 216.

■ It was the duty of the circuit clerk to file the record or transcript with the clerk of this court within sixty days from June 10, 1974. Again we note that April 10, 1974 was the date that the motion for new trial was overruled. The transcript or record was due to be filed in this court not later than August 9, 1974. Forty-five days intervened between the date it was due to be filed and the date the transcript was filed, September 23, 1974. Howard v. State, 44 Ala.App. 519, 214 So.2d 870.

It was the duty of the appellant to get the record filed here within the time provided by law. Supreme Court Rule 37, as amended; Seals v. State, 282 Ala. 586, 213 So.2d 645(6); Saylor v. State, 42 Ala.App. 666, 177 So.2d 924(2), certiorari denied, 278 Ala. 297, 177 So.2d 926; certiorari denied, 383 U.S. 917, 86 S.Ct. 909, 15 L.Ed.2d 671; Jones v. Kendrick Realty Company, 286 Ala. 435, 241 So.2d 107; State v. Fourth National Bank of Columbus, Georgia, 270 Ala. 135, 117 So.2d 145(2).

Appellant contends in her brief addressed to the motion that sufficient excuses existed to soften enforcement of the rule for filing the transcript. We cannot agree. It appears in the record that trial counsel for defendant (not the authors of appellant's brief) gave the oral notice of appeal, appeared on the motion for a new trial, and in the trial thereof, along with counsel authoring appellant's brief. It also appears that he joined in the signing of the written notice of appeal. This professional association gave appellant's counsel ample opportunity to find out from the trial counsel the state of the record and the dates involved.

It appears in the affidavit of counsel on this appeal that he made an inquiry during the first weeks of July, at which time he learned that the transcript of the evidence had been filed in the circuit clerk's office. He had not been given prior notice. He thereupon borrowed the clerk's copy which had to be returned for filing in Montgomery. Thus, it appears counsel had opportunity from receipt of the transcript during the first few weeks in July to August 9, 1974, the time limit for filing the transcript in this court to find out the state of the record in his possession. We cannot pinpoint the exact number of days because the date of receiving the clerk's copy is not shown in the affidavit.

The author of this opinion has examined and studied appellant's brief on the merits of this appeal and concludes therefrom that none of the argued "assignments of error" has merit. We have made this review as a courtesy to appellant's counsel, even though the issues are not properly before us.

We are constrained to hold that appellee's motion should be granted under the mandates of law, supra. The record is stricken and appeal dismissed.

Record stricken; appeal dismissed.

CATES, P. J., and TYSON, HARRIS and BOOKOUT, JJ., concur.

DeCARLO, J., dissents.