BOWEN, Judge.
In 1964 the appellant was indicted by a grand jury of Marion County for first degree murder. The victim was a police officer for the City of Hackleburg, Alabama. A trial in November of 1964 resulted in a mistrial. The following year the appellant was retried and found guilty. Punishment was fixed by the jury at life imprisonment. At trial and on appeal the appellant was represented by the highly respected firm of Beddow, Embry, and Beddow of Birmingham, Alabama.
In 1968, the Alabama Supreme Court dismissed the appeal of the appellant on the grounds that the record filed on appeal contained no certificate of the clerk of the trial court as to the completeness and correctness of the transcript as required by statute, Code of Alabama 1940, Title 7, Section 767, and Supreme Court Rule 24. See Cantrell v. State, 283 Ala. 225, 215 So.2d 440 (1968). In 1969 the Supreme Court of the United States refused to review the action of the Alabama Supreme Court and denied a petition for a writ of certiorari. Cantrell v. Alabama, 394 U.S. 950, 89 S.Ct. 1290, 22 L.Ed.2d 485 (1969).
In April of 1976, the appellant’s petition for a writ of habeas corpus alleging ineffective assistance of counsel on appeal was denied by the United States District Court for the Northern District of Alabama. Cantrell v. Alabama, (No. Dist. Ala.) C.A. 76-A-0203-J, April 12, 1976. Appeal was taken to the United States Court of Appeals for the Fifth Circuit and on February 4, 1977, that court reversed the denial of the writ of habeas corpus by the District Court and ordered that the writ be issued to provide the appellant with an out-of-time appeal or release. Cantrell v. Alabama, 546 F.2d 652 (5th Cir. 1977). Certiorari was denied by the Supreme Court of the United States.
On July 26, 1977, the Supreme Court of Alabama, pursuant to the dictates of the federal appellate court, set aside its order of March 14, 1968, ordering the record on appeal stricken and the appeal dismissed. The record was restored, the appeal reinstated and the cause was ordered to be transferred to this court for a consideration of the appeal on its merits.
The passage of time and the mechanics of the wheels of justice have added nothing to this appeal. For the reasons set forth below and after a careful consideration of the merits and record of this cause, we are of the firm conviction and opinion that the judgment of the trial court is due to be upheld and affirmed.
Only two issues are raised on this appeal: (1) The admissibility in the state’s case in chief of the testimony of the accused at a *82 former trial and (2) the adequacy of the trial court’s oral charges to the jury on self defense.
The evidence presented by the state supports the finding that the appellant murdered Officer Taylor by shooting him with a shotgun while Taylor was standing on the road in front of the appellant’s house on fhe night of June 20, 1964. The appellant attempted to prove that he acted in self defense and shot the officer only after Taylor drew his weapon.
I
While raising the issue that the trial court erred in allowing the state to introduce the testimony of the appellant taken in the first trial, appellate counsel concedes that the trial court was on sound footing in allowing the admission of the transcript. Willingham v. State, 50 Ala.App. 363, 279 So.2d 534, cert. denied, 291 Ala. 803, 279 So.2d 538 (1973). In that case this court adopted the general rule that a defendant who voluntarily takes the witness stand in his own behalf and testifies without asserting his privilege against self incrimination waives the privilege as to the testimony given and such testimony may be used against the defendant in a subsequent trial for the same offense even if he does not take the stand at the second trial.
II
The issue is also raised that the trial court failed to adequately charge the jury on the elements of self defense.
The appellant alleges that it was error for the trial court to deny the following requested charge.
“37. The Court charges the jury that if defendant shot deceased under a bona fide belief that he was in impending danger of limb, and he had, under all the circumstances, reasonable cause to believe that he was in imminent danger at the time the shooting was done, it would be immaterial whether there was such danger or not.”
The refused charge is a proper statement of the law and has a long history of approval beginning with Kennedy v. State, 140 Ala. 1, 37 So. 90 (1903); Grady v. State, 51 Ala.App. 143, 283 So.2d 453 (1973); Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111 (1948). However the refusal of a charge, though a correct statement of the law, is not a cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s general charge. Title 7, Section 273, Code of Alabama 1940. The application of this rule to the instant charge is found in Grady, supra. Charges on self defense are properly refused where they were fairly and substantially covered in the oral charge of the trial court. Mitchell v. State, 53 Ala.App. 58, 297 So.2d 383, cert. denied, 292 Ala. 742, 297 So.2d 388 (1974).
In pertinent part the trial court charged as follows:
“That he must be in such grave danger of suffering great bodily harm or of losing his own life, or that from the appearance of things that a reasonable man would be justified in so believing, and that he must have no reasonable avenue or means of escape. Now, those three elements ordinarily must exist for a person to be able to say that he acted in self defense or in defense of his own life or safety, the freedom from fault in provoking the difficulty, the danger of suffering great bodily harm or of losing his own life, and the duty to retreat. * * *, you must be reasonably satisfied from the evidence of the defendant that he was either in danger of losing his own life or suffering great bodily harm, or that from the appearance of things that such was the condition, the law says that a man is entitled to act upon the appearance of things as they would appear to a reasonable man at the time. In other words, it does not follow that hindsight to look back with a cold eye over what was actually going on and say, well, he was not actually in any danger or any such danger, but it allows a man to act on how things appear to him at that particular time and place, as to how a reasonable man would act under the same circumstances if he were confronted with them if he honestly believed to be in such grave danger, and also he is entitled to act on *83 the appearance of things as to withdraw safely from the difficulty, because that is not recognized as a. cowardly doctrine, * * * Again, he is entitled to act upon the appearance of things. Did it appear to him that he could safely do so without increasing his own peril.”
In our opinion this and other portions of the trial court’s oral charge fairly and adequately covered other charges requested by the appellant.[1]
We have carefully reviewed each and every action of the trial court contested on appeal. In addition, we have reviewed the entire record as required by law and scrutinized all rulings adverse to the appellant. Code of Alabama 1975, Section 12-22-240. We are of the opinion that the judgment of the trial court is due to be affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON and DeCAR-LO, JJ., concur.
BOOKOUT, J., dissents.

. Those other requested charges refused by the trial court on which the appellant predicates error are:
“28. 1 charge you, gentlemen of the jury, that if the circumstances attending the shooting of the deceased by the defendant were such as would justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not retreat without adding to his peril, and defendant believed such to be the case, he was justified in shooting the deceased, although he was not in actual danger, and retreat would not have added to his peril, and, if the defendant acted under such circumstances, the burden of showing that the defendant was not free from fault in bringing on the difficulty is on the State.
“30. I charge you, gentlemen of the jury, that if the circumstances attending the death of which the defendant is charged were such as to justify the defendant in a reasonable belief that he was in danger of great bodily harm, and he honestly believed such to be the case, he could act in self-defense though, as a matter of fact, he was not in actual danger, and the burden of showing that defendant was not free from fault in bringing on the difficulty is on the State.
“32. While there is already invoiced (sic) as an element of self-defense the fact that deceased was in the act of, or appeared to be in the act of doing the defendant serious bodily harm, the Court charges the jury that in order to sustain that part of the claim of self-defense it is not necessary that deceased should in fact have been about to take the life of the defendant, but if the defendant reasonably and honestly entertained the opinion and was justified in believing from all the facts and circumstances surrounding him at the time that it was the purpose of deceased to do him serious bodily harm and that he had the present ability to carry that purpose into execution, that part of self defense is sustained.
“33. The defendant has the right to act upon appearances and to govern himself accordingly, and if it appears to him to be reasonably necessary, in order to protect himself from deceased, that he killed the said deceased, it is immaterial whether, in truth and in fact, the deceased was capable of doing the defendant serious bodily harm, or that it was his intention to do so.”