BOOKOUT, Judge,
dissenting:
I dissent from the reinstatement of the appeal and express no opinion on the merits of the case as written to in the majority decision.
As I stated in my dissenting opinion in Cantrell v. State, Ala.Cr.App., 353 So.2d 80, at 83 (1977):
“ ‘An appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed. . . . ’ LeFlore v. State ex rel. Moore, 288 Ala. 310, 260 So.2d 581 (1972), cert. denied, 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299.
“For numerous citations to the same effect, see 2 Alabama Digest, Appeal and Error, § 1.
“The federal courts may entertain petitions for and grant writs of habeas corpus. They may order the release of persons from confinement where they find that the State has failed to abide by certain constitutional provisions in the trial and confinement process. The federal courts may not, however, amend the Alabama statutory law by granting an ‘out-of-time appeal.’
“There is no such thing in Alabama law as an out-of-time appeal. Ellison v. State, 55 Ala.App. 50, 312 So.2d 632 (1975); Ex parte Mitchell, 54 Ala.App. 203, 306 So.2d 296 (1974), cert. denied, 293 Ala. 767, 306 So.2d 298.”
The original appeal in this case was dismissed by this court on April 1, 1975, for failure to comply with the statutory time for perfecting an appeal. That was prior to the effective date of the new Alabama Rules of Appellate Procedure, and thus the appeal was governed by the strict requirements of our statute regulating appeals. See: St. John v. State, 54 Ala.App. 672, 312 So.2d 77 (1975). This court has no authority to waive the express provisions of a statute and reinstate an appeal. The appeal has been reinstated in the instant case as well as in Cantrell, supra, by rule of expediency rather than rule of law. It is more expedient to give an appellate review than to put the State to the additional cost and effort of a new trial. On this point, I part company with my brethren on the court and respectfully dissent.